## Cozzone Unemployment Compensation Case.

Argued October 9, 1953. Before RHODES, P. J., HIRT, RENO, ROSS and WRIGHT, JJ.

*Joseph Cozzone,* appellant, in propria persona.

*William L. Hammond,* Special Deputy Attorney General, for appellee.

PER CURIAM, March 16, 1954:

Claimant, the present appellant, had been in the employ of Lukens Steel Company for two years. He was discharged on November 24, 1952 for violation of company rules. On his claim for unemployment compensation the Bureau ruled that he was ineligible for benefits under §402(e) of the Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §802(e). In affirming the Bureau, the Referee after hearing found: "The claimant was in the habit of leaving his job before the regular quitting time, although he was paid for the full day. He had been warned numerous times that this conduct would not be tolerated. He was also suspended for one week for a violation of the Company rule regarding absenteeism. During the week ending November 24th, the claimant had left his job early on three different occasions, without permission, and since he had been warned against this practice, and also sus-

pended for one week for the same thing, he was terminated on November 24th, 1952, by the Company." Based on that finding the Referee also concluded that claimant was ineligible under §402(e) because of his willful misconduct connected with his work. The Board of Review affirmed the decision on the Referee's findings.

Employes in the Lukens plant were scheduled to work 8½ hours a day and claimant's shift ended at 4:15 p.m. He admitted that he "rang out before quitting time" not only on three occasions in one week as found by the Referee but on six of ten consecutive working days ending on November 20, 1952. Claimant had been warned a number of times on other occasions for leaving his job before quitting time. His excuse was that his work was completed at 4:00 o'clock on each of these days and for that reason he felt justified in leaving shortly thereafter. On one occasion in the previous April claimant had left his work for two hours and 19 minutes before quitting time although he received pay for a full day. His excuse was that he left with the permission of his supervisor but the warnings which he admittedly received cast doubt on his contention. The credibility of the witnesses was for the Referee and his findings, adopted by the Board are amply supported by the evidence. Under these findings claimant clearly by his willful misconduct violated duties owed to his employer which justified his discharge and disqualified him from benefits. *Detterer Unemp. Compensation Case*, 168 Pa. Superior Ct. 291, 77 A. 2d 886.

On April 7, 1953 an Assistant Supervisor of Employment of the Lukens Company wrote the Board as follows: "This is to advise you that following the referee's decision, mailing date March 10, 1953, on the above subject, we have obtained additional information which

indicates that our original objections to Cozzone's claim for unemployment compensation were erroneous. Therefore, we are withdrawing such objections." The final order of the Board was entered, after receipt of the above communication, on May 18, 1953. We may assume therefore that the Board in denying benefits concluded that the withdrawal of objections by the employer did not go to the merits of the claim.

Decision affirmed.