## McIntosh Unemployment Compensation Case.

Argued June 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Isaiah W. Crippins,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., September 12, 1961:

In this unemployment compensation case the claimant was denied benefits under the willful misconduct provision contained in §402(e) of the Unemployment Compensation Law, 43 PS §802(e). The Bureau of Employment Security and the Referee concluded that his discharge was due to willful misconduct but the Board of Review initially reversed the referee's decision and awarded benefits. Subsequently, the board vacated its decision and granted employer's petition for a rehearing, after which, the decision of the referee was affirmed and this appeal followed.

The claimant, Daniel A. McIntosh, was last employed by the Budd Company, Red Lion Plant, Philadelphia, Pa., as an automobile assemblyman on October 26, 1959. He was discharged for signing employees' names for payroll deduction contributions to the United Fund without authorization from said employees. The company and the United Automobile Workers had jointly sponsored the annual United Fund Campaign. The claimant admitted signing at least four or five of the payroll deduction pledge cards and there was evidence that he had signed fourteen cards. Two witnesses appeared for the employer and testified that their signatures were affixed to pledge cards without authorization. He admitted signing the cards but denied that they were signed without authority.

Willful misconduct has been held to be a wanton or willful disregard of the employer's interest; a disregard of the standards of behavior which the employer has the right to expect of his employee; a breach of his duties and obligations to his employer and conduct clearly inimical to the employer's best interest. *Weimer Unemployment Compensation Case,* 176 Pa. Superior Ct. 348, 107 A. 2d 607 (1954). It does not necessarily require actual intent to wrong the employer "if there is a conscious indifference to the perpetration of a wrong, or a reckless disregard of the employe's duty to his employer he can be discharged for 'willful misconduct' and will be denied benefits." *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 147, 141 A. 2d 410 (1958).

Dishonesty would certainly fall within these descriptions of willful misconduct and the forging of employees' names to payroll deduction pledge cards, discovered only when such employees complained of the deductions made by the employer in dependence on the pledge cards is such a perpetration of a wrong as to clearly fall within willful misconduct as defined by this Court.

The claimant denied the testimony of the witnesses who claimed the cards had been signed by him without authorization but the fact finding authorities chose to believe them and we are bound by the findings. The credibility of witnesses is for the board. *Ristis Unemployment Compensation Case,* 178 Pa. Superior Ct. 400, 116 A. 2d 271 (1955).

The fact that his discharge was upheld at a hearing required by the grievance machinery of the collective bargaining agreement between the union and the company supports the conclusion of the board but, of course, cannot determine the eligibility of this employee for benefits, as only the compensation authorities can

do this. *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 153 A. 2d 906 (1959).

Decision affirmed.