. Golden Unemployment Compensation Case.

Argued September 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Merna P. Bearman,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., November 16, 1961:

In this unemployment compensation case the Bureau of Employment Security, the Referee, and the

Board of Review all concluded that the claimant, Esther Golden, was ineligible for benefits under the provisions of §401(d) of the Unemployment Compensation Law, 43 PS §801(d), in that she was not able and available for work.

The claimant was last employed by Robert Bruce, Philadelphia, Pennsylvania, as a folder. Her last day of work was April 17, 1960, at which time she had a valid separation from this employment. However, on October 6, 1960, the claimant reported to the local employment office, her regular reporting day, to file a claim for the compensable week ending September 29, 1960, at which time she was questioned about having her grandson with her. She told the representative at the local office that she was taking care of her grandson because his mother was sick, and that she could not accept a job that day. There was no evidence that a job was available and offered to her on that day.

Based on this evidence the fact finding authorities determined that she was not available for work for the week claimed. Although it is a very close case and it is doubtful if we would have come to the same conclusion on this record, there is sufficient evidence to support the finding and we are bound by it. *Davis Unemployment Compensation Case*, 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958). The claimant must be actually attached to the labor market for the particular week to be available for work. *Gearhart Unemployment Compensation Case*, 194 Pa. Superior Ct. 418, 168 A. 2d 646 (1961); *Rabinowitz Unemployment Compensation Case*, 177 Pa. Superior Ct. 236, 110 A. 2d 792 (1955).

Decision affirmed.

MONTGOMERY and FLOOD, JJ., dissent.