The Philadelphia Coca-Cola Bottling Company, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 7, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Daniel J. McAleer*, with him *Frank A. Donahue, Jr.*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 29, 1974:

The Pennsylvania Unemployment Compensation Board of Review (Board), by an order dated April 30, 1973, allowed claimant, William F. Dellaratta, unemployment compensation benefits. The Philadelphia Coca-Cola Bottling Company (Bottling Company), claimant's employer, appealed this order, and we affirm.

The skimpy and incomplete record indicates the following factual situation. The claimant's last day of work was May 17, 1972, as a driver-salesman for the Bottling Company. He had been an employee for 17 years and averaged, at the time of his discharge, $250 per week in salary and commission. The Board found

as a fact that "[d]uring his seventeen years of employment, claimant was never warned that his work was unsatisfactory or that he was violating any company policy."

The Bottling Company discharged claimant for alleged "malperformance of his duties." The record discloses that three customer accounts were involved. The first account concerned a 10-cent-per-case overcharge of a beer distributor. The claimant testified that the overcharge was an error on his part, and he refunded the $1.40 overcharge. The other two customer accounts involved a charge of 10 cents per case for insufficient empty bottle returns. The claimant testified that this was an arrangement consented to by the two customers and that he "came out on the short end anyway" because "most of them [empty bottles] went into the waste basket from the Apparel [one of the customers in question]."

The Bureau of Employment Security (Bureau) issued a determination denying benefits to the claimant. This determination was appealed and, after a very brief hearing, a Referee affirmed the Bureau. A further appeal was taken by claimant to the Board which reversed the Referee and awarded claimant benefits.

The Board reasoned that the overcharges incident to the three accounts in question were isolated events during a 17-year work record and did not constitute wilful misconduct that would disqualify claimant from benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(e). Section 402(e) provides, in part, that an employe shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

Our scope of review, in the absence of fraud, is confined to questions of law and a determination as to whether the findings of the Board are supported by the evidence, leaving to the Board questions of credibility and the weight to be given the evidence and allowing the prevailing party the benefit of any favorable inferences which can reasonably and logically be drawn therefrom. *Marcantonio v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 204, 309 A. 2d 462 (1973).

Although "willful misconduct" was not defined by the Legislature, it has been held that for behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A. 2d 165 (1973).

The only testimony was the testimony of the claimant. Faced with the paucity of testimony in the record, the Board found as a fact that the employe's pricing of cases of Coca-Cola was an error in one instance and was done with the knowledge of customers in the other two instances. Also, the testimony of claimant indicates a long-existing animosity between himself and his supervisor who was the person that discharged claimant.

Although counsel, at the hearing before the Referee and at oral argument before us, suggested that claimant was fired for dishonesty,[1] the record simply does

---

[1] Dishonesty would certainly fall within the term "willful misconduct" and disqualify a claimant from benefits under the provi-

not establish that contention. Our reading and rereading of the record seriously raises in our mind the likelihood of claimant's dishonesty but, in view of (1) the lack of any employer testimony, (2) the unrebutted denial of claimant of any dishonesty, and (3) a record which is productive of more unanswered questions than answers, we conclude that what was said in *Golden Unemployment Compensation Case,* 196 Pa. Superior Ct. 503, 504, 175 A. 2d 91 (1961), is applicable here: "Although it is a very close case and it is doubtful if we would have come to the same conclusion on this record, there is sufficient evidence to support the finding and we are bound by it."

### ORDER

And Now, this 29th day of March, 1974, the order of the Pennsylvania Unemployment Compensation Board of Review, dated April 30, 1973, allowing benefits to William F. Dellaratta, is hereby affirmed.

---

sions of Section 402(e) of the Act. *See McIntosh Unemployment Compensation Case,* 196 Pa. Superior Ct. 207, 173 A. 2d 652 (1961). Also, the mishandling of funds was held to constitute wilful misconduct in *Dragan Unemployment Compensation Case,* 198 Pa. Superior Ct. 122, 181 A. 2d 705 (1962).