Allied Services for the Handicapped, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Jerome Karwaski, Respondents.

Argued September 13, 1977, before President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*William J. Oliver,* with him *Oliver, Price & Rhodes,* for petitioner.

*Robert A. Mazzoni,* with him *Charles G. Hasson,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MENCER, November 14, 1977:

Allied Services for the Handicapped, Inc. (Allied) has appealed from a determination by the Unemployment Compensation Board of Review (Board) that Jerome Karwaski (claimant) was not guilty of willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law (Act).[1] We affirm the Board's order granting benefits to the claimant.

Allied maintains an operation for the care and treatment of handicapped individuals. The claimant was employed by Allied as a "resident assistant," and his duties included the distribution and administration of medication to patients in that portion of Allied's facilities known as Lynette Village Boys Cottage. In addition, the claimant was occasionally required to

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

transport residents of the cottage to and from their places of employment.

Medication was scheduled to be administered to some of the residents of the cottage at 6:30 p.m. on March 10, 1976. On that day, the claimant and one other resident assistant were on duty from 3 p.m. until 11 p.m. At 5:30 p.m. the claimant left the cottage to drive several of the residents to various locations; his fellow employee remained on duty at the cottage. The claimant did not return until about 6:45 p.m., after the appointed time for the distribution of the medication. Upon his return, he checked the log book of the cottage. Finding a notation that all medication had been timely administered by his fellow employee, he went about his other duties. When it was subsequently discovered that one patient had not received his medication, the claimant was discharged.

Claimant's application for unemployment benefits was denied by the Bureau of Employment Security. Claimant appealed, and a referee, after holding a hearing and finding the facts to be as stated above, affirmed the Bureau's decision, on the ground that the claimant was discharged for willful misconduct. On appeal, the Board reversed, adopting the referee's findings of fact and making an additional finding that the responsibility for distributing the medication had been shared by the two resident assistants on duty. The Board concluded that the claimant acted reasonably in relying upon the log book and upon the assumption that his fellow employee had properly dispensed the medication.

Under Section 402(e) of the Act, a claimant is ineligible for unemployment benefits if he has been discharged from work for willful misconduct. The latter term has been judicially defined as the wanton or willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of

standards of behavior which the employer has a right to expect, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional disregard of the employer's interests or of the employee's duties. *Loder v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299-300 (1972). The employer has the burden of proving willful misconduct. *Lee v. Temple University (Personnel)*, 26 Pa. Commonwealth Ct. 156, 363 A.2d 890 (1976).

Allied contends that claimant's conduct constitutes willful misconduct as a matter of law. We cannot agree. At the time the medication was to be dispensed, the claimant was properly discharging other responsibilities, and, upon his return, he checked the official log book of the cottage to verify that the medication had been timely administered. These actions, in themselves, do not manifest a disregard of Allied's interests or of the claimant's duties as a resident assistant.

Allied contends, however, that the claimant had a duty to check the individual medical records of the residents of the cottage and that the claimant's reliance on the log entries and on his fellow employee was improper. Allied presented no express rule or regulation indicating that such a duty existed, nor was it shown to be standard procedure to rely solely upon the individual medical records instead of the log book. In fact, the only evidence on this point was the claimant's testimony that "the procedure" was to refer to the medical records only when actually administering the medication. On the record before us, we cannot conclude that the claimant acted unreasonably or in disregard of his employer's rules or interests, and we conclude that the claimant is not guilty of willful misconduct within the meaning of the Act.

Allied has also argued that the record is insufficient to support the Board's findings concerning the log book and the claimant's reliance thereon. Where, as here, the Board's decision is against the party with the burden of proof, the question before us, absent an error of law or a showing of fraud, is whether the Board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of competent evidence. *Walsh v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 155, 329 A.2d 523 (1974). The claimant's testimony as to his reliance on the log entries was uncontradicted, and the Board's acceptance of this testimony did not constitute a disregard of any evidence. Further, it is clear that the accepted testimony of a claimant is sufficient to support a finding of fact and that we are therefore bound by the Board's findings concerning the log book entries. *See Philadelphia Coca-Cola Bottling Co. v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 557, 317 A.2d 50 (1974).

ORDER

AND Now, this 14th day of November, 1977, the order of the Unemployment Compensation Board of Review, dated August 20, 1976, granting unemployment benefits to Jerome Karwaski, is hereby affirmed.

