William E. Turner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*H. David Spirt*, for petitioner.

*Michael Klein,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, January 4, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board) dated September 7, 1976. The Board's order denies benefits to William E. Turner (Turner) pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), on the basis that his termination from employment was for reasons of wilful misconduct. We affirm.

Turner was employed by Eaglesville Hospital as a housekeeper supervisor. It was his responsibility to supervise patients in the drug and alcohol programs who worked in the housekeeping department. In 1972, Turner was found to have violated a rule of the hospital employer which prohibited employees from maintaining personal relationships with patients. His behavior in that incident resulted in a written warning. In September of 1975, Turner was again found to be in violation of the same rule. It was discovered that he was sharing his premises with a patient. As to this incident, the employer issued a second written warning and ordered Turner to have the patient out of his room by September 8, 1975. This allowed him two weeks in which to accomplish the employer's demand. Turner failed to obey this order and was terminated from his employment on September 26, 1975.

The Bureau of Employment Security denied Turner's unemployment compensation claim. On appeal, a hearing before the referee was scheduled for January 14, 1976. Prior to the date of the hearing, however, the employer's personnel director sent a letter to the Bureau's clerk of appeals indicating that the employer wished to withdraw its objection to Turner's claim for benefits and that it did not desire to further

contest the matter. Thereafter, the hearing was conducted as scheduled.

The only evidence presented during the hearing on appeal was the testimony of Turner. There was no attempt made by either Turner or the referee to enter the employer's letter into the record. The employer was not represented at the hearing. Upon consideration of the evidence, the referee affirmed the Bureau's decision. The Board of Review disallowed Turner's appeal and he filed this petition for review.

Turner's petition contends that there is not substantial evidence in the record to support the determination that his dismissal was for wilful misconduct. Alternatively, he argues that the employer's letter should be viewed as determinative of his claim. For this reason, he requests a remand to allow the Board to consider the letter in the event we conclude the record contains substantial evidence in support of the determination of wilful misconduct.

A close examination of the record reveals substantial evidence in support of the determination that Turner's actions amounted to wilful misconduct. Turner testified before the referee that he was aware that he was prohibited from becoming personally involved with a patient. He acknowledged receipt of the first warning in 1972, but contended that the person with whom he was involved was not a patient at the time. Pertinent to the 1975 incident, he testified that a patient was sharing his room, although he denied that a relationship existed. He also acknowledged receipt of the second warning and directive to clear his room. The only justification he offered for failure to obey the employer's directive was that circumstances did not permit him to act immediately. We conclude that the employee's actions in this instance evidence a disregard of the standards of behavior his employer had a right to expect. Such actions are therefore wilful

misconduct as set forth by the case law in this Commonwealth. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The employer's letter in this instance does nothing to alter the merits of the case as established by Turner's testimony. For this reason, the failure to submit the letter into evidence is of no import, and a remand would serve no purpose. It is for the referee and Board to determine a claimant's eligibility for benefits in unemployment compensation cases by determining the facts and applying the law. It is not for an employee and employer to determine eligibility. for benefits by agreement. *Gagliardi Unemployment Compensation Case,* 186 Pa. Superior Ct. 142, 141 A. 2d 410 (1958); *Cozzone Unemployment Compensation Case,* 175 Pa. Superior Ct. 170, 103 A.2d 284 (1954). Accordingly, we make the following:

ORDER

AND Now, this 4th day of January, 1978, Order No. B-134331 of the Unemployment Compensation Board of Review dated September 7, 1976, denying benefits to William E. Turner, is hereby affirmed.