Otis Bracy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*James E. Mahood,* for appellant.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 7, 1978:

This is an appeal of a decision by the Unemployment Compensation Board of Review (Board) denying appellant (claimant) unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was discharged from his employment as a laborer on June 20, 1975 after he failed to report to work the day before. He appealed an adverse determination by the Bureau of Employment Security (Bureau) denying him benefits and at a hearing he and a fellow employee testified as to the circumstances of his discharge. The employer did not appear but Bureau records, including a summary of the Bureau's telephone interview with a representative of the employer, were placed into the record by the referee without objection. The Board's findings of fact based on this hearing included the following: "On June 19, 1975 the claimant, who had previously been warned about absenteeism, was scheduled to work; the claimant took the day off without permission and didn't report until June 20, 1975. 3. On June 19, 1975 and June 20, 1975 the claimant was informed by the employer that he was discharged. 4. The claimant was discharged because of a history record of absenteeism."

Section 402(e) of the Law provides that an employee shall be ineligible for unemployment compensation benefits during any week when "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Absenteeism, or a failure to report an ab-

sence from work, has been found to constitute willful misconduct in that such conduct amounts to a disregard of the standards of behavior an employer can rightfully expect from an employee. *Holtzman v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 525, 372 A.2d 31 (1977); *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). As such the findings of fact of the Board in this case would support the legal conclusion of willful misconduct.

Claimant, however, seeks to avoid this result by arguing that the findings of the Board are not supported by substantial competent evidence. His attack on these findings is premised on the supposition that the only evidence to support them is based on the Bureau's summaries of telephone conversations between a Bureau representative and a representative of the employer. Since these summaries are undeniably hearsay, claimant argues they are not competent evidence to support a finding of fact.

With respect to the evidentiary effect to be given hearsay evidence in administrative proceedings such as unemployment compensation cases this Court has established the rule that hearsay evidence, *properly objected to,* is not competent to support a finding of the Board, but hearsay evidence, *admitted without objection,* will be given its natural and probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). Thus, such summaries as those at issue here, although they cannot form the sole basis for such findings, can be used as a means of questioning the claimant at the hearing and the resultant testimony of the claimant can constitute the necessary corrobora-

tive evidence to establish the necessary substantial evidence upon which proper findings may be made. *Cf. Costa v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977).

Applying these rules regarding hearsay evidence admitted without objection to the instant case, it is apparent from the record that claimant's own testimony sufficiently corroborates the employer's statements in the interview summary. Claimant stated he was told by his employer at the time of his discharge, the day after he was absent from work without permission, that he had been replaced because the employer "couldn't depend" on him. He further testified that he was warned several months prior to this incident about his absenteeism and specifically testified that his employer told him to "tighten up on the matter." Further, a witness for claimant, also a former employee, testified that he and another man were discharged that same day for unreported and unauthorized absences. Thus, this testimony corroborates the hearsay evidence of the employer and together this evidence established the requisite corroboration to allow the summary interview to be given its natural and probative effect. We hold, therefore, that there was substantial competent evidence to support the Board's findings.

Claimant also argues that in the introduction of the Bureau's interview summaries the referee failed in his affirmative duty to assist a claimant who is not represented by counsel by not informing claimant that he could object to the admission of the summaries as hearsay. *See* 34 Pa. Code §101.21. A reading of the record, however, discloses that the claimant was given an opportunity to object and was also given the opportunity to refute the allegations made in the interview summary. Indeed, the record fails to show any

statement by the referee showing that he improperly refused relevant evidence or acted in any manner so as to undermine the fundamental fairness of the hearing. *See Knox v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 588, 317 A.2d 60 (1974).

Accordingly, we will enter the following

ORDER

AND NOW, March 7, 1978, the order of the Unemployment Compensation Board of Review, Decision No. B-133770, dated August 23, 1976, is hereby affirmed.