Carl Nesmith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Stanford A. Hines,* for petitioner.

*Michael D. Klein,* Assistant Attorney General, with him *Edward G. Beister, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 27, 1979:

Claimant appeals a determination by the Unemployment Compensation Board of Review (Board), affirming the referee's denial of benefits on the ground of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law.[1]

Claimant was discharged from his position with the Commonwealth of Pennsylvania, Department of Public Assistance (DPA) on July 28, 1976 for ''unauthorized absence, insubordination, disorderly conduct, (and) threat of bodily harm to his immediate supervisor.'' Following his separation, claimant applied for unemployment benefits, which request was denied twice by the Bureau of Employment Security under Section 402(e).

On appeal from the decision of the referee denying claimant benefits, the Board remanded the case for a further hearing before affirming the referee's deci-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

sion. From the adverse decision of the Board claimant appeals.

Claimant contends that the Board erred as a matter of law in finding that his conduct constituted willful misconduct where he was reinstated by his employer nine months after his discharge.

We do not agree with claimant's assertion that his reinstatement was proof that the incidents which resulted in his discharge did not constitute willful misconduct. The fact that claimant was reinstated, by agreement between the parties, is not determinative of the issue of claimant's eligibility for benefits during his period of separation under the law.

It is for the referee and Board to determine a claimant's eligibility for benefits in unemployment compensation cases by determining the facts and applying the law. It is not for an employee and employer to determine eligibility for benefits by agreement.

*Turner v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 195, 198, 381 A.2d 223, 224 (1978).

Insubordination, use of abusive language and threats of bodily harm directed at one's supervisor have been found to amount to the kind of conduct which supports a finding of willful misconduct, conduct which evidences a disregard of the standards of behavior that an employer has a right to expect of an employee. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979) ; *Mascioli v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 591, 396 A.2d 80 (1979).

After a careful review of the substantial evidence which has been gleaned from the series of hearings in this case, we affirm the Board's determination, and enter the following order:

582 

## ORDER

AND Now, this 27th day of June, 1979, the order of the Unemployment Compensation Board of Review, dated July 14, 1977, denying unemployment compensation benefits to claimant, Carl Nesmith, is affirmed.