Louis DiGiovanni, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

606

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

.   *Louis F. Hinman, III*, with him *Penny, Hinman & Bevilacqua,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for appellee.

Opinion by Judge Mencer, August 7, 1979:

Louis DiGiovanni (claimant) has appealed an order of the Unemployment Compensation Board of Review (Board) denying him benefits because of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed intermittently by Michelfelder's Sausage Shops (Michelfelder's) as the supervisor of its import department for approximately two years prior to his discharge. On September 30, 1977, claimant was instructed by his supervisor, Mr. Burke, to accompany a truck driver to a meat plant Michelfelder's was purchasing to pick up a shelf for use in the claimant's department. Claimant refused the assignment on the basis that the meat plant was infested with insects and that on claimant's last visit to the plant a "bug" had "jumped" on him. Mr. Burke repeated his request, telling claimant he had a choice, either to perform the task or to leave. Claimant chose to leave.

A referee denied benefits on the basis of Section 402(b)(1) of the Act (voluntarily leaving work without cause of a compelling and necessitous nature), after a hearing at which the employer failed to appear. The Board affirmed the referee but predicated its decision on a finding of willful misconduct.[1] This appeal followed.

Claimant argues that, since the employer has the burden of proving willful misconduct, the Board may not deny a claimant benefits if an employer fails to

---

[1] Even though claimant left his employment of his own accord, in the face of his employer's ultimatum, the Board properly treated this case as one involving a discharge for willful misconduct. *See Unemployment Compensation Board of Review v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976).

appear before either the referee or the Board and present evidence of willful misconduct. We disagree.

We have found numerous decisions where benefits were denied although the employer or one of his necessary witnesses has failed to appear at a Section 402(e) hearing. *See, e.g., Belton v. Unemployment Compensation Board of Review,* Pa. Commonwealth Ct. , 402 A.2d 571 (1979); *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978); *Turner v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 195, 381 A.2d 223 (1978); *Costa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 7, 374 A.2d 1012 (1977); *Pilchesky v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 200, 370 A.2d 763 (1977); *Philadelphia Coca-Cola Bottling Co. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 557, 317 A.2d 50 (1974); *see also McLean v. Unemployment Compensation Board of Review,* 26 Pa. Commonwealth Ct. 270, 363 A.2d 848 (1976), *rev'd on other grounds,* 476 Pa. 617, 383 A.2d 533 (1978). None of these decisions resulted in an automatic reversal of a Board decision for the employer or the granting of benefits to the employee simply because the employer failed to appear at the hearing or present any competent evidence of willful misconduct. On the contrary, the employer's burden was carried by the claimant's own testimony, either in whole, *Turner, supra,* or in part, by corroborating unobjected-to hearsay evidence of the employer. *Bracy, supra.* This result flows, we feel, from the long-recognized duty of the Board to protect the unemployment compensation fund from improper claims, *Lybarger Unemployment Compensation Case,* 203 Pa. Superior Ct. 336, 201 A.2d 310 (1964), *aff'd,* 418 Pa. 471, 211 A.2d 463 (1965), and its corollary that the

Board has the power and duty to investigate *all* the facts of a given case. *Unemployment Compensation Board of Review v. Stiles,* 19 Pa. Commonwealth Ct. 38, 340 A.2d 594 (1975). *See also* Section 506 of the Act, 43 P.S. §826, outlining the Board's investigative power. Therefore, if a claimant's own testimony establishes with sufficient certainty the crucial facts of a case, we see nothing improper in the Board relying on that testimony when making its findings of fact.

Here, claimant unequivocally testified that he was given a work assignment and that he refused to perform it. We cannot imagine what more the employer could add or would want to add to show willful misconduct, for it is established that the refusal by an employee of a reasonable work assignment constitutes a disregard of the standards of behavior an employer has a right to expect of an employee. *Brennan v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 569, 333 A.2d 794 (1975); *Pellegrino v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 486, 303 A.2d 875 (1973).

Claimant argues, however, that even if his testimony is used to carry the employer's burden, a finding of willful misconduct is unwarranted as he was justified in refusing the assignment because of the insects and that, as a "supervisor," he was not required to do the assigned task. While a threat to an employee's health or welfare can excuse an employee's refusal of a reasonable work assignment, *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978), we cannot say that the fact a "bug" had "jumped" on claimant during his last visit to the meat plant constitutes good cause, especially in light of the apparent short duration of the proposed assignment. Claimant simply failed to

present sufficient evidence to carry *his* burden of proving justification. *See Hayes v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 49, 387 A.2d 186 (1978). As for claimant's second contention, it is well settled that an employee must abide by reasonable changes or modifications in his work assignment or face a finding of willful misconduct upon discharge. *See Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974).

Accordingly, we enter the following

ORDER

AND Now, this 7th day of August, 1979, the order of the Unemployment Compensation Board of Review, dated February 28, 1978, denying benefits to Louis DiGiovanni, is hereby affirmed.