Eaton Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*James M. Penny, Jr.*, with him *Judith G. Eagle*, and *Obermayer, Rebmann, Maxwell & Hippel*, for petitioner.

*Elsa Newman*, Assistant Attorney General, with her *Gurujudha Singh Khalsa*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 24, 1979:

The Eaton Corporation (Employer) appeals the order of the Unemployment Compensation Board of Review (Board) affirming the referee and granting benefits to Russel Denshuick (Claimant).

Claimant had been employed as a production hardner for approximately seven years prior to his discharge. The Employer indicates that Claimant was discharged for drinking an intoxicating beverage during work hours on April 10, 1978, in violation of company rules.

Upon appeal from an order of the Bureau of Employment Security denying benefits, the referee re-

versed and granted benefits to Claimant. In so doing the referee ruled that the Employer failed to carry his burden of proof that Claimant's actions constituted willful misconduct.[1]

In cases involving allegations of willful misconduct the employer has the burden of proving the employee's ineligibility for benefits. *Gallagher v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 599, 388 A.2d 785 (1978). In the instant case the Employer's evidence consisted of the testimony of its employment manager who had no first-hand knowledge of the alleged incident, and several statements from Employer's representatives who allegedly did witness the incident but did not appear to testify. The referee admitted the written statements as hearsay evidence. The Claimant testified personally. He said in unequivocal terms that he was not drinking at the time and place indicated by the Employer and that he had never admitted drinking as alleged in one of the written statements admitted as hearsay evidence. Confronted with our oft repeated holding that a finding of fact may not be based solely upon hearsay evidence, *Kiriluk v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 229, 398 A.2d 772 (1979), the referee and the Board concluded correctly that the Employer had failed to meet its burden of proof.

Order affirmed.

---

[1] Section402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) :

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

ORDER

AND NOW, this 24th day of October, 1979, the order of the Unemployment Compensation Board of Review dated August 4, 1978, granting benefits to Russel Denshuick is hereby affirmed.