Randolph S. Hughes, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 14, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Edward Sparkman,* with him *Harold I. Goodman, Alan L. Phillips,* of counsel, *Stuart Wilder,* for petitioner.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*John Kupchinsky,* with him *Daniel R. Schuckers,* Assistant Attorneys General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, May 20, 1980:

Randolph S. Hughes, Jr. (Claimant) appeals to this Court from the decision of the Unemployment Compensation Board of Review (Board) which affirmed a denial of unemployment compensation benefits to Claimant on the basis that he voluntarily left his employment without cause of a necessitous and compelling nature and, therefore, was ineligible for benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1). Claimant raises two issues for our consideration: whether the Board erred in determining (1) that there was work available to him during the weeks ending October 8 and 15, 1977 and (2) that he voluntarily left his employment without cause of a necessitous and compelling nature.

In unemployment compensation cases, the claimant has the burden of proving eligibility for benefits. *Spong v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 560, 563, 404 A.2d 444, 446 (1979); *Veneski v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 154, 156, 370 A.2d 382, 384 (1977). Where, as here, the person with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the Board's findings are consistent with each other and with the Board's conclusions of law and its order, and whether they can be sustained without a capricious disregard of competent evidence. *Baird v. Unemployment Compensation Board of Review,* 30

Pa. Commonwealth Ct. 118, 121, 372 A.2d 1254, 1257 (1977). If the Board makes findings of fact necessary to support its adjudication which are not supported by substantial evidence, we must set aside the Board's order. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704. We find that the Board erred in determining that work was available to Claimant during the weeks ending October 8 and 15. Because there was no competent evidence on the record to indicate when work was and was not available to Claimant, we must reverse the order of the Board and remand this case for further proceedings concerning the availability of work issue.

Claimant was last employed as a cherry picker operator by Power Piping Company (Power) on September 1, 1977. He had worked for Power for nine days and it is undisputed that he could have worked at least one more day. Claimant was a member of Local Union 542, International Union of Operating Engineers (Union) through which he had obtained his employment with Power. The Union kept a list of unemployed workers whom it referred for available job openings. Persons were ranked on the list by the length of time they had been unemployed. If a Union member on the list was sent to a job, worked ten days or more, and subsequently became unemployed, his or her name was placed at the bottom of the Union's list and the member became available for another job assignment only when his or her name reached the top of the list. If the Union member worked fewer than ten days, however, his or her name stayed at the top of the list and the member was eligible immediately for another job placement. In September, 1977, when Claimant left employment with Power, the Union's job list was seventeen pages long.

Claimant admits that he left his employment with Power on September 1, 1977. His reason for leaving

was his belief that Power would have had no work for him after September 2. It was to his advantage, he argued, to lose one day's work and remain at the top of the Union list rather than to work only one more day, be laid off, and go to the bottom of the list.

Subsequent to his leaving his job with Power, Claimant applied for unemployment compensation benefits beginning with the weeks ending October 8, 15, and 22. The Bureau (now Office) of Employment Security (Bureau) denied his application on the basis of Section 402(b)(1). Following two hearings, a referee affirmed the Bureau's decision. Claimant appealed the referee's decision to the Board which remanded for the taking of further testimony. Following two more hearings, the Board reversed the referee's order in part and awarded benefits for all weeks except those ending on October 8 and 15, 1977. Claimant has now appealed the Board's decision concerning those two weeks to this Court.

Our review of the record discloses that the Board's fourth finding of fact, that work with Power was available to Claimant until October 14, 1977, is *not* supported by substantial evidence. It is crucial to our determination to know how long work was available to Claimant. If, as Claimant contends, work would have been unavailable to him after September 2, whether or not he voluntarily left his employment without cause of a necessitous and compelling nature on September 1 would not change the fact that his unemployment during the weeks of October 8 and 15 would have been involuntary. *See Labor and Industry Department v. Unemployment Compensation Board of Review,* 133 Pa. Superior Ct. 518, 524-25, 3 A.2d 211, 215 (1938). Of course, if work was available to him during the weeks of October 8 and 15, whether he left his employment voluntarily without necessitous and compelling reason on September 1 is central to an

eligibility determination here. Because almost all of the evidence adduced during the four hearings[1] in this case constituted hearsay, there is no competent evidence on the record to permit a determination of when work was or was not available.

Hearsay evidence is an out-of-court statement which is offered for the purpose of proving the truth of the matter asserted, *Baird* at 122, 372 A.2d at 1257, and findings of fact may not be based solely upon hearsay evidence, *Eaton Corp. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 589, 591, 406 A.2d 1220, 1221 (1979). Hearsay evidence *admitted without objection* will .be given its natural probative effect *if it is corroborated by any competent evidence* on the record. Hearsay evidence to which *proper objections have been made* is not competent evidence to support a finding of the Board. *Bracy v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 173, 175, 382 A.2d 1295, 1297 (1978); *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976).

Power presented two witnesses—Edward Banaszak, an employer representative and John F. Mitchell, Power's Payroll Supervisor—who testified that work was available to Claimant after September 2, 1977 and that the job itself (*i.e.* the repair of a glass furnace) lasted until October 14, 1977. Our review of the record makes clear that Banaszak's and Mitchell's testimony pertaining to the work available issue was hearsay, properly objected to by Claimant at the third

---

[1] The Claimant's testimony was taken in Philadelphia at two hearings and the testimony of employer's witnesses was taken in Pittsburgh at two hearings. Claimant was not present at either hearing in Pittsburgh but he was represented by counsel at the second Pittsburgh hearing.

hearing.[2] This testimony is not competent evidence to support the Board's finding that work was available to Claimant until October 14.

Claimant testified twice (at the first and fourth hearings) that his job with Power would have terminated on September 2 had he not left work the day before. Claimant's testimony, too, was hearsay. He did not testify from personal knowledge but rather he repeated what he had been told by one of Power's superintendents at the job site on September 1. Even though Power raised no objection to Claimant's hearsay testimony, it is not competent to support a finding that work did not exist for Claimant after September 2 because it was not corroborated by other competent evidence on the record.

In an attempt to corroborate his testimony, Claimant introduced a letter from the Union stating that the Union did not refer any cherry picker operators to Power between September 1 and October 14, 1977. Claimant reasons that since Power hired employees through the Union and since the Union sent no cherry pickers to Power after September 1, Power needed no cherry pickers after September 1 and no work was available to Claimant. The letter itself, of course, is hearsay. *Perhaps* the letter is corroborated by Banaszak's earlier testimony that Power hired through the Union. The difficulty with such a determination is that the record does not disclose the basis for Banaszak's testimony. We are not prepared to conclude that unlike his other testimony, this one aspect was based on his personal knowledge. And, obviously, we cannot say that hearsay corroborated by hearsay corroborated by further hearsay is substantial evidence

---

[2] Since Claimant was neither present nor represented by counsel at the second hearing, he raised no objection to Banaszak's testimony at that time. He did raise a proper objection to it at the third hearing.

to support a finding that there was no work available to Claimant after September 2, 1977.

The order of the Board is reversed. These proceedings are remanded so that the Board may determine *from competent evidence* whether there was work available to Claimant during the weeks ending October 8 and 15, 1977 and, accordingly, whether he is entitled to unemployment compensation benefits for those weeks.[3]

ORDER

AND Now, this 20th day of May, 1980, the Order of the Unemployment Compensation Board of Review, Decision No. B-165474-B, entered March 29, 1979, is reversed and the above captioned matter is remanded for proceedings not inconsistent with this opinion.

---

[3] Because we are remanding this case for further proceedings concerning the availability of work to Claimant, we need not now decide whether he voluntarily terminated his employment on September 1, 1977 without cause of a necessitous and compelling nature.