**PITT CHEMICAL AND SANITARY SUPPLY COMPANY, INC.,**
Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 29, 2010.

Decided Dec. 3, 2010.

Deborah S. Miskovich, Pittsburgh, for petitioner.

Mary Beth Hamilton, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Pitt Chemical and Sanitary Supply Company, Inc. (Employer) petitions for review of the April 30, 2010, order of the Unemployment Compensation Board of Review (UCBR) affirming a referee's decision to award benefits to Rudolph M. Seneca

(Claimant) under Pennsylvania's Unemployment Compensation Law (Law).[1]

The relevant facts, as found by the UCBR, are as follows:

1. The claimant was last employed as an outside sales person by Pitt Chemical and Sanitary Supply from January 28, 2008, paid by commission and his last day of work was October 27, 2009.

2. Upon his hire, [C]laimant signed a contract agreeing to meet unspecified sales quotas.

. . .

4. Claimant did not meet his sales quotas for 2009.

. . .

11. [E]mployer discharged [C]laimant on October 27, 2009, primarily because he did not meet his sales quota.

12. [C]laimant at all times worked to the best of his ability.

(UCBR's Findings of Fact, Nos. 1, 2, 4, 11–12.)

 The sole basis for Employer's appeal is that the employment contract between Claimant and Employer stated: (1) Claimant would be terminated if he did not meet his sales quota; and (2) Claimant's failure to meet the sales quota would be the legal equivalent of willful misconduct and, therefore, Claimant would not be entitled to unemployment compensation. In other words, Employer contends that the

UCBR erred in awarding unemployment compensation benefits because Claimant had waived the right to file for such benefits. We reject this argument summarily.[2]

Section 701 of the Law, 43 P.S. § 861, plainly states that: "No agreement by an employe to waive, release, or commute his rights to compensation, or any other rights under this act, shall be valid." It is the Law that determines a claimant's eligibility for unemployment compensation, not the employer. *See, e.g., Turner v. Unemployment Compensation Board of Review,* 33 Pa.Cmwlth. 195, 381 A.2d 223, 224 (1978) ("It is not for an employee and employer to determine eligibility for benefits by agreement.") Therefore, the provisions of any contract in which an employee waives his or her right to unemployment compensation is unenforceable.

Accordingly, we affirm.

*ORDER*

AND NOW, this 3rd day of December, 2010, the order of the Unemployment Compensation Board of Review, dated April 30, 2010, is hereby affirmed.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. §§ 751–914.

2. Our scope of review is limited to determining whether the UCBR committed an error of law, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. *Hessou v. Unemployment Compensation Board of Review,* 942 A.2d 194, 197 n. 3 (Pa.Cmwlth. 2008).