# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alicia Hunter,                          :
              Petitioner               :
                                        :
      v.                                :
                                        :
Unemployment Compensation               :
Board of Review,                        :    No. 177 C.D. 2015
              Respondent                :    Submitted: August 21, 2015

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McGINLEY                        FILED:  October 16, 2015

Alicia M. Hunter (Claimant) challenges the order of the Unemployment Compensation Board of Review (Board) that affirmed the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The facts, as initially found by the referee and confirmed by the Board, are as follows:

> 1. The claimant was last employed as an Assistant Office Manager by Salisbury Behavioral Health from January 2006 through September 30, 2014 at the final rate of pay of $21.40 per hour.
>
> 2. This employer has a policy which states that the falsification of records, including but not limited to,

---

[1]    Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

timesheets, billing, records for individuals receiving services, or personnel/employment records will result in disciplinary up to and including [termination] of employment.

3. The claimant was, or should have been, aware of the aforesaid employer policy.

4. The claimant was in charge of the employer's petty cash.

5. After a routine audit of the petty cash, the employer discovered discrepancies.

6. When questioned by the employer about the discrepancies, the claimant admitted to the employer that for approximately 1 year the claimant had falsified documentation related to petty cash.

7. As a result, on September 30, 2014 the claimant was discharged.

Referee's Decision, December 5, 2014, (Decision), Findings of Fact Nos. 1-7 at 1-2.

The referee determined:

Competent evidence presented at the Referee's hearing indicates that the claimant was discharged for violating a known and reasonable employer policy after the claimant admitted to the employer that for an extended period of time the claimant falsified documentation relating to the petty cash that the claimant was placed in charge of.

At the referee's hearing the claimant offered no adequate justification for violating such an important employer policy by falsifying documentation relating to the employer's finances. That being the case, the Referee is constrained to decide that the evidence of record indicates that the claimant committed willful misconduct,

2

thereby rendering herself ineligible for benefits in accordance with Section 402(e) of the Law.

Decision at 2.

> The Board affirmed:
>
> The Board adds a finding of fact that the claimant was discharged for falsifying documents. Even though the employer did not attend the hearing, the claimant admitted that she was discharged for falsifying documents, that she had falsified petty cash documentation for approximately a year, and that she knew that what she was doing was wrong. The claimant's testimony also corroborated the employer's unobjected to documentation in the record. The Board finds that the claimant disregarded the standards of behavior which the employer has a right to expect of an employee and violated the employer's policy. Further, the Board finds that the claimant did not establish good cause for her conduct.

Board Opinion, January 29, 2015, at 1.

Claimant contends that the Board erred when it determined she was ineligible for benefits.[2]

Whether a Claimant's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. Lee Hospital v. Unemployment Compensation Board of Review, 589 A.2d 297 (Pa. Cmwlth. 1991). Willful misconduct is defined as conduct that represents a wanton and willful disregard of

---

[2] This Court's review in an unemployment compensation case is limited to a determination of whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. Lee Hospital v. Unemployment Compensation Board of Review, 637 A.2d 695 (Pa. Cmwlth. 1994).

an employer's interest, deliberate violation of rules, disregard of standards of behavior which an employer can rightfully expect from the employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or employee's duties and obligations. Frick v. Unemployment Compensation Board of Review, 375 A.2d 879 (Pa. Cmwlth. 1977). The employer bears the burden of proving that it discharged an employee for willful misconduct. City of Beaver Falls v. Unemployment Compensation Board of Review, 441 A.2d 510 (Pa. Cmwlth. 1982). The employer bears the burden of proving the existence of the work rule and its violation. Once the employer establishes that, the burden then shifts to the Claimant to prove that the violation was for good cause. Peak v. Unemployment Compensation Board of Review, 501 A.2d 1383 (Pa. 1985).

Here, Claimant indicated on her Internet Initial Claims form that she was discharged for violating Policy 514 Employee Conduct and that she was aware of the policy. Salisbury Behavioral Health (Employer) submitted Policy 514 Employee Conduct and Discipline which states that the falsification of records was an example of unacceptable conduct which could result in termination. At the hearing before the referee, Claimant admitted that she was discharged for "falsifying documentation" and admitted that she did falsify documentation. Notes of Testimony, November 20, 2014, (N.T.) at 3. When the referee questioned[3] why Claimant falsified documents, she responded, "I didn't know how to let them know that something was wrong and I just continued to work and do my job and I just

---

[3]     Employer did not allege that Claimant took the money that was missing from the petty cash account.

4

didn't know how to let them know that it was wrong." N.T. at 3. Claimant explained that she falsified the petty cash documentation. N.T. at 3. Approximately $300 was missing from petty cash. N.T. at 4. Claimant admitted that she should have discussed the problem with the office manager. N.T. at 5. Claimant further admitted that she was wrong and committed a "serious violation." N.T. at 5. Claimant admitted that she was aware of Employer's policy and violated it. Further, Claimant failed to provide good cause for her actions.

Although Employer did not appear at the hearing, a claimant's own testimony may serve to meet Employer's burden either alone or by corroborating unobjected to hearsay[4] evidence from the employer. DiGiovanni v. Unemployment Compensation Board of Review, 404 A.2d 449 (Pa. Cmwlth. 1979).

In addition, this Court has found that "deliberate falsification of records constitutes a conscious disregard of standards of behavior which an employer has the right to expect from his employees." Nolan v. Unemployment Compensation Board of Review, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981). As a

---

[4] Hearsay is defined as a "statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). A "statement" is defined in the Pa.R.E. as "(1) an oral or written assertion or (2) nonverbal conduct of a person if it is intended by the person as an assertion." Pa.R.E. 801(a).

An unobjected to hearsay statement will be given its probative effect and may support a finding of fact if corroborated by any competent evidence in the record. Walker v. Unemployment Compensation Board of Review, 367 A.2d 366 (Pa. Cmwlth. 1976).

result, Claimant's conduct would constitute willful misconduct even if Employer did not have a specific policy.[5]

Accordingly, this Court affirms.

_____
BERNARD L. McGINLEY, Judge

---

[5] Claimant also asserts that she did not falsify the records for close to a year but for approximately three months. Even if Claimant's assertion is correct, it would not change the determination that she committed willful misconduct.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alicia Hunter,      :
    Petitioner   :
          :
   v.      :
          :
Unemployment Compensation :
Board of Review,    :  No. 177 C.D. 2015
    Respondent  :

# **O R D E R**

AND NOW, this 16th day of October, 2015, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

_____
BERNARD L. McGINLEY, Judge