David Perminter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Albert J. Jones,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Gary J. Marini,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 11, 1981:

The petitioner, David Perminter, seeks review of an order of the Unemployment Compensation Board of Review (Board) denying benefits. The Board held that his discharge had been for willful misconduct and that he was ineligible for benefits under Section 402 (e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The petitioner was employed by Republic Steel Corporation as a stock handler until May 22, 1979, when he was discharged for excessive tardiness. His application for unemployment benefits was denied by the Office of Employment Security which found that he had been discharged for willful misconduct, from which decision he filed a timely appeal and was given a hearing before a referee on July 24, 1979. The referee's decision affirming the denial of benefits was in turn upheld by the Board which made the following relevant findings of fact:

2. From January 1, 1979 until his discharge, the [petitioner] reported to work late on eleven occasions.

3. The [petitioner] received several warnings in regard to tardiness.

4. After reporting to work late on three occasions in May, 1979 the [petitioner] was discharged for excessive tardiness.

Our scope of review in cases such as this where the services of petitioner have been found to have been terminated because of his willful misconduct is to determine whether or not the findings of fact made by the Board are supported by substantial evidence, *Hoffman v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 350, 409 A.2d 955 (1980), and the issue of whether or not those findings demonstrate that the petitioner's conduct rose to the level of willful misconduct is a question of law to be answered by this Court. *Maiers v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 338, 409 A.2d 956 (1980).

The petitioner argues that the Board's findings of fact are not supported by substantial evidence inasmuch as the referee at the hearing used documents objected to as hearsay to question the petitioner about his history of tardiness.

Although hearsay evidence standing alone cannot be used as competent evidence to support a finding of fact, *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), hearsay evidence to which there has been no objection and which has been corroborated by other competent testimony is to be given its natural probative effect and may support such a finding. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 382 A.2d 1295 (1978);

*Walker v. Unemployment Compensation Board of Review, supra.*

What we are faced with here is a situation where the referee's questions to the petitioner were allegedly based on information elicited from documents properly objected to, but the claimant's answers provided evidence to corroborate the reason given for his discharge. The petitioner participated in the hearing in question without counsel, and the employer, Republic Steel, made no appearance whatsoever, but did submit the documents involved herein, to which the petitioner objected. An employer, of course, has the burden of proving willful misconduct, *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), but the Board itself has a duty to protect the unemployment compensation fund from ineligible claimants and to investigate all the facts in a given case. *DiGiovanni v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 605, 404 A.2d 449 (1979). Moreover, the General Assembly has stated that the Board in its factfinding capacity need not strictly follow the technical rules of evidence. Section 505 of the Law, 43 P.S. §825. We do not purport, of course, to grant wide latitude to the Board in its acceptance of objected to hearsay evidence, but we believe that where the Board, through its representative, the referee, acts within its factfinding duty to conduct an independent investigation of the facts in a claim for unemployment compensation, testimony elicited through questions based upon objected to hearsay is fully admissible even though the hearsay itself must not be given substantive evidentiary value.

A review of the record establishes that the petitioner's answers to the questions posed by the referee are themselves sufficient to support the Board's findings of fact, and we further hold that these findings

establish that the petitioner's excessive tardiness, which continued despite multiple warnings, amounted to willful misconduct. *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A.2d 299 (1973), *rev'd on other grounds, Woodson v. Unemployment Compensation Board of Review,* 461 Pa. 439, 336 A.2d 867 (1975).

We will, therefore, affirm the decision of the Board.

### ORDER

AND Now, this 11th day of March, 1981, the order of the Unemployment Compensation Board of Review denying benefits in the above-captioned matter is hereby affirmed.