Moses L. Brown, Petitioner *v.* Workmen's Compensation Appeal Board (National Tube Company —United States Steel Corp.), Respondents.

Argued May 6, 1982, before Judges BLATT, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Daniel E. Long, Jr.*, for petitioner.

*Louis A. Raimond*, for respondent, United States Steel Corporation.

OPINION BY JUDGE MACPHAIL, June 28, 1982:

Moses L. Brown (Claimant) filed a claim for workmen's compensation benefits which indicated that Claimant sustained work-related injuries to his elbow, shoulder and back sometime during the week of January 11-17, 1976. His petition said he notified his foreman of this injury on May 25, 1976.[1]

At a referee's hearing held October 6, 1977 before Referee Markovitz, Claimant, who was the only witness, testified that he had suffered a second work-related injury when he twisted his back "about a year later." Claimant also testified that his last day of work was March 18, 1977.[2] When it became apparent that Claimant had suffered two separate work-related injuries but his petition identified just one, his

---

[1] Section 311 of The Pennsylvania Workmen's Compensation Act (Law), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §631 provides that unless notice is given by the employee to the employer within 120 days after the occurrence of the injury no compensation shall be allowed.

[2] It appears that Claimant continued to work after the injury allegedly sustained in January 1976.

counsel asked for leave to amend the petition to include both injuries. Oral permission to do so was granted by the referee with the understanding that Claimant's employer would have the opportunity to answer the petition as amended. The referee also stated that arrangements would be made for a future hearing to afford the employer the opportunity to examine Claimant relative to the second injury. At the conclusion of the hearing, however, the referee then stated, after an off record discussion that it was understood that Claimant would file a *second petition* related to the alleged second injury and that the employer would have fifteen (15) days to reply to it. The hearing was then continued to enable Claimant to secure medical evidence to support his claim, presumably as to either or both injuries.

On February 5, 1979, the same referee reconvened the hearing. Claimant's counsel submitted that he was still unable to obtain medical evidence. Nothing was mentioned at that hearing about a second petition having been filed. Employer's counsel moved to dismiss the claim because no medical evidence had been produced and because Claimant had failed to prove notice to the employer of "the injury". The referee took that motion under advisement and gave Claimant forty-five (45) days to procure his medical testimony.

On March 4, 1980, the hearing was again reconvened before a different referee and with different counsel representing Claimant and the employer. Claimant, again, was the only witness who testified and he repeated virtually everything he said at the first hearing. When Claimant began to discuss the injury allegedly sustained in January, 1977, employer's counsel objected at which point the referee ruled as follows:

> In consideration of the motion of defendant's counsel, testimony may be given pertinent to the *only* petition in front of us, and that is an alleged injury of 1976. (Emphasis added.)

The remainder of Claimant's testimony related to the injury which allegedly occurred January 11-17, 1976, except for another effort by him at the very end of his testimony to draw in the second injury. Again the employer objected and again the referee ruled that until a second petition was filed, he would not take testimony regarding the second injury.

At the conclusion of the hearing, Claimant requested more time to secure medical evidence relative to his first or second injury. For the third time, the referee ruled that the 1977 injury was not before him, noting that Claimant had offered no proof at all that a petition relevant to the 1977 injury had been filed. The employer objected to any further continuance and again moved to dismiss the claim petition for lack of evidence and failure to give the required notice of injury. The referee took the motion to dismiss under advisement and requested memoranda from counsel.

Subsequently, the referee dismissed the Claimant's petition finding that Claimant had failed to (1) prove a work-related injury had occurred in 1976, (2) give his employer notice of his injury until March 1977 and (3) prove disability from a work-related injury. The Workmen's Compensation Appeal Board (Board) affirmed.

In this appeal, Claimant has contended that he did file a second claim petition and that the referee and Board erred when they did not discuss the second injury.

Our scope of review, where the party with the burden of proof, here the Claimant, has failed to meet

that burden is limited to ascertaining whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977). Where there is no obvious causal relationship between an injury and a disability, a workmen's compensation claimant must establish the causal connection with unequivocal medical testimony in order to recover. *Montgomery Mills Co. v. Workmen's Compensation Appeal Board,* 26 Pa. Commonwealth Ct. 471, 364 A.2d 508 (1976). In the instant case, the Claimant continued to work *immediately* following the 1976 incident and apparently missed no work at all until his alleged 1977 injury. He testified that he did not notify his foreman about the 1976 injury until "three or four months later" at which time he said he discovered a knot on his shoulder. The knot on his shoulder was not surgically removed until after the injury allegedly sustained in 1977. Under such circumstances, the causal relationship between the alleged accident and the alleged injury are far from obvious. In the absence of medical testimony to make the causal connection, Claimant simply cannot recover. In summary, we are unable to find that the referee disregarded any substantial evidence in the instant case when he concluded that the Claimant had failed to prove the occurrence of a work-related injury or disability which resulted from an alleged work-related injury.

The only error of law alleged is that both the referee and the Board decided nothing with respect to Claimant's alleged second injury. Our lengthy description of the proceedings prior to the referee's decision, indicates that if a second claim petition was ever prepared and mailed to the referee and opposing

counsel as contended by Claimant in his *brief* it was never properly filed with the Department of Labor and Industry as required by law[3] and certainly was not before the referee at the last hearing, nor was any proof of its existence offered. It would be difficult for this Court to hold that an error of law occurred with respect to something that did not exist. Although great latitude must be given to workmen's compensation claimants to prove their cases, there is ample evidence in the case now before us that such opportunity has been afforded Claimant without a corresponding effort having been made on his part.

Order affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board denying workmen's compensation benefits to Moses L. Brown, filed February 19, 1981 to No. A-79485 is affirmed.

---

[3] Section 403 of the Law, 77 P.S. §714.