Mildred A. Lauer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board, Respondent.

Submitted on briefs February 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John R. Kelsey, III,* for petitioner.

*Sally A. Lied,* Deputy Attorney General, with her *Francis R. Filipi,* Deputy Attorney General, and *Le-Roy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, August 15, 1983:

Before this Court is an appeal by Mildred A. Lauer (Petitioner) from a denial by the Pennsylvania Crime Victim's Compensation Board (Board) of her claim for compensation. We remand.

Petitioner is the mother of James M. Lauer who was killed by an individual later convicted of involuntary manslaughter. Petitioner incurred out of pocket expenses of $6,725.60 related to her son's death. As the beneficiary of her son's life insurance policy and social security, however, she recovered $10,255.00. The claim for crime compensation benefits filed by Petitioner was subsequently denied by the Board on the grounds that her insurance and social security recoveries relating to her son's death exceeded her out of pocket losses. Before this Court, Petitioner appeals the denial of her claim asserting that her son was partially responsible for her support and that she is therefore entitled to a recovery, as a matter of law,

under Section 477.9 of The Administrative Code of 1929 (Code), 71 P.S. §180-7.9.[1]

After a careful review of the record in this matter, we are constrained to order a remand. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, in setting forth this Court's scope of review in appeals from "Commonwealth agencies" such as in the case at bar, states that we must affirm the agency decision unless, *inter alia,* "any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." In the case *sub judice,* the decision of the Board consists, in toto,

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended.* Section 477.9 of the Code reads, in pertinent part:

(b) Any award made pursuant to sections 477 to 477.15 shall be in an amount not exceeding out-of-pocket loss, together with loss of past, present or future earnings of support resulting from such injury. In no case shall the total amount of an award exceed twenty-five thousand dollars ($25,000).

(c) Any award made for loss of earnings or support shall, unless reduced pursuant to other provisions of this act, be in an amount equal to the actual loss sustained: Provided, however, That no such award shall exceed two hundred dollars ($200) for each week of lost earnings or support: And, provided further, That the aggregate award for such loss shall not exceed ten thousand dollars ($10,000) except that in the case of death of a victim of intervenor, the aggregate award shall not exceed fifteen thousand dollars ($15,000).

. . . .

(e) Except for claims involving dismemberment or loss of an eye, any award made pursuant to this act shall be reduced by the amount of any payments received or to be received by the claimant as a result of the injury (i) from or on behalf of the person who committed the crime, (ii) under any insurance programs including those mandated by law, (iii) under any contract of insurance wherein the claimant is the insured beneficiary. . . .

of a letter from its chairman to Petitioner's counsel, the text of which reads:

> I write to inform you that the Crime Victim's Compensation Board at its meeting on August 19, 1981, denied compensation regarding your client's claim by a 3-0 vote.
>
> The reason for the denial is pursuant to Section 477.9(e) of the prevailing Act "Any award made pursuant to this Act shall be reduced by the amount of any payments received...."
>
> According to the record papers, your client received benefits which exceeded her losses by $3,529.40. Therefore, the Board has denied compensation accordingly.

We have not been presented therefore with the findings of fact necessary for the exercise of our appellate review and a remand for the formulation of said findings is therefore necessary.[2]

Moreover, it is apparent that the Board's treatment of the instant matter is also deficient under the terms of the Code. The Board argues in its brief that Petitioner at no point, including her original claim petition and on a federal income tax form 1040A which she filed on behalf of her son's estate, gave any indication of dependency and that its decision, which considered only her actual expenses as compared to her recoveries from insurance and social security, was therefore correct. Under the terms of Subsection (b), (c) and (d) of Section 477.6 of the Code, 71 P.S. §180-

---

[2] The decision of the Board is also not in conformity with the requirements of Section 507 of the Administrative Agency Law, 2 Pa. C. S. §507, by virtue of the absence of findings of fact. We further note, that Petitioner was never afforded a hearing on her claim as mandated by Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, but as she has not raised this issue on appeal, and as it does not directly impact on our ability to exercise our power of appellate review, it does not constitute a basis for our decision to remand.

7.6(b)(c) and (d), however, a member of the Board is obligated to conduct an investigation not limited to certain enumerated forms into each and every claim. The only discernible investigation of Petitioner's claim was a cursory review of the papers Claimant filed and her claim form.[3] The record does not reveal any effort to contact Claimant nor any other effort to fully ascertain the exact nature of her claim, despite the fact that the total amount requested, ($14,745) was significantly in excess of her expenses actually incurred, ($6,725).

### Order

Now, August 15, 1983, the decision of August 19, 1981 of the Pennsylvania Crime Victim's Compensation Board in the above captioned matter claim No. 80-0943-D is hereby vacated and the matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

[3] The claim form is nine pages long yet there is only one point, a checklist where a claimant is directed to indicate status, where the question of dependency is even raised. The form asks no information whatsoever of the claimant relative to any essential fact which would be necessary to arrive at a conclusion regarding dependency.