Rollins Outdoor Advertising and American & Foreign Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Joseph Maas), Respondents.

Argued April 7, 1983, before President Judge CRUMLISH, JR., and Judges WILLIAMS, JR., and BARBIERI, sitting as a panel of three.

*Roger B. Wood*, with him *David L. Pennington, Harvey, Pennington, Herting and Renneisen, Ltd.*, for petitioners.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for respondent, Joseph Maas.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., November 21, 1983:

Rollins Outdoor Advertising appeals a Workmen's Compensation Appeal Board order affirming a referee's decision to dismiss its termination petition and awarding attorneys' fees to Joseph Maas' compensation attorney. We reverse and remand.

In 1967, Maas was injured in a work-related accident which left him totally disabled. Compensation payments were to be paid at the weekly rate of $52.50. Rollins filed a termination petition, alleging that Maas was no longer totally disabled as of January 29, 1974, and that he had received a substantial third-party settlement of which Rollins' insurance carrier had subrogation rights to $27,000. A referee dismissed the petition on July 29, 1977, and directed Rollins to restore Maas' workmen's compensation benefits subject to "subrogation credits" to be taken by the defendant. Rollins appealed to the Board, alleging Rollins' insurance carrier and Maas executed an agreement whereby the carrier settled its right to $27,000 subrogation for $10,000 in consideration for Maas' waiver of all past and future compensation. On May 25, 1978, the Board remanded the case to the referee for clarification of Rollins' subrogation rights. On January 7, 1981, the referee issued a new decision restoring Maas' workmen's compensation benefits, awarding attorneys' fees, dismissing the petition to terminate and finding that the subrogation lien was settled for $10,000.

Rollins appealed to the Board. The Board stated that the appeal was limited to two issues: "The credit to be given the Defendant as it relates to attorney's fees (both incurred as a result of the third party settlement and in defending the instant petition), and whether interest is due because the Defendant alleges attorney fees the claimant pays are not 'compensation.'" On March 25, 1982, the Board modified the referee's decision to give Rollins credit for the third-party settlement, concluding that the maximum period Rollins is entitled to credit is 590 weeks.[1] However, the Board decided, out of $52.50 per week compensation, $10.50 would be sent to Maas' attorney and $17.50 would be sent to Maas as reimbursement for the fee paid to the third-party attorney. The balance of $24.50 would be retained by Rollins as available credit toward future compensation. The Board ordered that Maas' compensation benefits would be restored after 590 weeks, with $42.00 going directly to Maas and $10.50 to Maas' compensation attorney.

This case presents us with a question of first impression: Did the Board legally err when it formulated the compensation attorney's fees? We hold[2] that

[1] We affirm the Board's determination that a claimant cannot legally waive future rights to compensation payments for a lump sum payment absent some computation proceedings. Also, we affirm the Board's conclusion that the $10,000 payment was for the subrogation of compensation payments made prior to the third-party settlement. Credit is allowed on this illegal settlement. *See Green v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 143, 401 A.2d 1243 (1979) ; *General v. E. Roseman Co.*, 21 Pa. Commonwealth 72, 343 A.2d 683 (1975) ; Section 407 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §731.

[2] This Court's scope of review in a workmen's compensation case, where the party with the burden of proof has failed below, is limited to ascertaining whether constitutional rights were violated, an error of law was committed, or there was a capricious disregard

the compensation attorney's fees in this workmen's compensation suit, during the 590-week credit period, should be based upon the actual compensation awarded ($17.50).[3] Section 442 of the Act, 77 P.S. §998, provides:

> All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the *amount awarded*. (Emphasis added.)

The insurance carrier cannot be required to pay the negligence attorney as well as the workmen's compensation attorney for the negligence attorney's efforts in the third-party suit.

Because of the Board's error, we must remand for recomputation.[4]

Reversed and remanded.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A-80574 dated March 25, 1982, is hereby reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

Judge WILLIAMS, JR. dissents.

---

of competent evidence. *Brown v. Workmen's Compensation Appeal Board*, 67 Pa. Commonwealth Ct. 246, 446 A.2d 1352 (1982).

[3] We find that Maas is entitled to $17.50 per week as reimbursement for the fee paid the third-party attorney. It is not improper to order an employer's insurance carrier to reimburse a claimant who paid reasonable attorneys' fees of one-third of a third-party recovery. *Workmen's Compensation Appeal Board v. DelVecchio*, 23 Pa. Commonwealth Ct. 244, 351 A.2d 691 (1976).

[4] Of course, as stated in Section 406.1 of the Act, 77 P.S. 717.1, "[i]nterest shall accrue on all due and unpaid compensation at the rate of ten per centum per annum."