In Re: Claim of Michael Milbourne etc. v. Commonwealth of Pennsylvania, Pennsylvania Crime Victim's Compensation Board. Michael Milbourne, Petitioner.

Argued February 2, 1984, before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*David B. Sherman,* with him, *Lawrence Solomon, Rohm & Haas,* for petitioner.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, and *Allen C. Warshaw,* Deputy Attorney General, for respondent.

OPINION BY JUDGE COLINS, May 4, 1984:

This is a Petition for Review from an order and opinion of the Crime Victim's Compensation Board (Board), denying compensation to Michael Millbourne (claimant) pursuant to the Crime Victim's Compensation Act.[1]

Claimant was shot in the abdomen inside a restaurant owned by Chung Po Wong, the alleged offender, in Southwest Philadelphia. Mr. Wong was subsequently found not guilty.

Claimant filed a claim for compensation in the amount of $21,043.50, for out-of-pocket losses for medical care, treatment and services resulting from the shooting. The Board member assigned to this claim

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 2 of the Act of July 9, 1976, P.L. 574, *as amended,* 71 P.S. §§180-7, *et seq.*

issued a summary denial, finding that "the claimant provoked the crime and that his conduct contributed to the infliction of his own injury."[2] The claimant then requested a hearing. A hearing was held before the Board, and the Board issued an Order and Opinion denying compensation, pursuant to Section 477.3(b), *as amended,* Section 180-7.3(b) and Section 477.9(f), *as amended,* Section 180-7.9(f).[3]

Judicial review by this Court, when the party with the burden of proof[4] does not prevail below, is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or there was a capricious disregard of competent evidence. *See Brown v. Workmen's Compensation Appeal Board,* 67 Pa. Commonwealth Ct. 246, 446 A.2d 1352 (1982).

---

[2] Finding of fact number 6 of the Board's decision.

[3] 71 P.S. §180-7.3(b) and 71 P.S. §180-7.9(f). Section 180-7.3(b) states:

> (b) A person who is criminally responsible for the crime upon which a claim is based or an accomplice of such person shall not be eligible to receive compensation with respect to such claim. A member of the family of the person who allegedly committed the crime shall not be eligible under any circumstances.

Section 180-7.9(f) states:

> (f) In determining the amount of an award, the board or board member, as the case may be, shall determine whether, because of his conduct, the victim or intervenor contributed to the infliction of his injury, and the board or board member shall reduce the amount of the award or deny the claim altogether in accordance with such determination: Provided, however, that the board or board member, as the case may be, may disregard for this purpose the contribution of the intervenor to his own injury where the record shows that such contribution was attributed to efforts by an intervenor as set forth in Section 477.

[4] Under the Act, the claimant bears the burden of proving his entitlement to compensation by a preponderance of the evidence.

The claimant argues that the Board based its decision on inadmissible hearsay and, therefore, incompetent evidence. After a thorough review of the record, we affirm the Board's decision denying an award of compensation to the claimant.

The use of hearsay and its evidentiary weight under the Crime Victim's Compensation Act is a matter of first impression before this Court. However, there is vast authority concerning the use of hearsay in other agency proceedings.[5]

In *Perminter v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 426, 426 A.2d 245 (1981), the petitioner argued that the Board's findings of fact were not supported by substantial evidence inasmuch as the referee at the hearing used documents objected to as hearsay to question the petitioner about his history of tardiness. This court held that the referee's questions to the petitioner were allegedly based on information elicited from documents properly objected to, but that the claim-

---

[5] Administrative agencies "shall not be bound by technical rules of evidence at agency hearings, and all relevant evidence of reasonable probative value may be received. Reasonable examination and cross-examination shall be permitted." Section 505 of the Administrative Law and Procedure Act, 2 Pa. C. S. §505.

> The hearsay rule, however, is not a technical rule of evidence but a fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issues are sought to be placed upon the record and an objection is made thereto.

*State Board of Medical Education and Licensure v. Contakos*, 21 Pa. Commonwealth Ct. 422, 424, 346 A.2d 850, 852 (1975). The Courts have held that "hearsay evidence, properly objected to, is not competent to support a finding in an administrative hearing and that hearsay admitted without objection may support a finding only if corroborated by competent evidence in the record." *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 10, 408 A.2d 912, 914 (1979).

ant's answers provided evidence to corroborate the reason given for his discharge. This court also stated that:

> We do not purport, of course, to grant wide latitude to the Board in its acceptance of objected to hearsay evidence, but we believe that where the Board, through its representative, the referee, acts within its fact-finding duty to conduct an independent investigation of the facts in a claim for unemployment compensation, testimony elicited through questions based upon objected to hearsay is fully admissible even though the hearsay itself must not be given substantive evidentiary value.

*Id.* at 429, 426 A.2d at 247. *See Palmer v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 388, 449 A.2d 126 (1982).[6]

The Crime Victim's Compensation Act states that:

> [t]he board member to whom such claim is assigned *shall* examine the papers filed in support of the claim and *shall* thereupon cause an investigation to be conducted into the validity of the claim. *The investigation shall include, but not be limited to, an examination of police, court and official records and reports concerning the crime and an examination of medical and hospital reports relating to the injury upon which the claim is based.* (Emphasis added.)[7]

> [t]he board member to whom a claim is assigned *may make his recommendation regarding the claim on the basis of the papers filed in*

---

[6] The *Palmer* Court stated that hearsay can stand where it has been supported by competent evidence elicited by agency authorities through questions suggested by the hearsay.

[7] 71 P.S. §180-7.6(6).

*support thereof* and the report of the investigation of the claim. If the board member is unable to decide his recommendation upon the basis of the said papers and report, he shall order a hearing. At the hearing *any relevant evidence, not legally privileged shall be admissible.* (Emphasis added.)[8]

Although a board member shall conduct an investigation and shall examine the police, court and official records and reports, and may make his recommendation on the basis of these papers, we do not believe this means that a decision can be based solely on hearsay evidence. However, police reports may be used for the limited purpose of confirming or corroborating the Board's findings.

We hold that where questions to a claimant are allegedly based on information elicited from documents properly objected to, but a review of the record establishes that the claimant's answers are themselves sufficient to support the Board's findings of fact, then a denial of compensation is proper.

Our review of the record establishes that the claimant's answers were sufficient to support the Board's denial of benefits. Although the Board's questions to the claimant were based on hearsay, the claimant's answers provided sufficient evidence to corroborate the reason given for his denial of compensation.

The claimant testified that he did not cause any disturbance at the restaurant and that he heard about the disturbance from his mother and some friends after he woke up in the hospital. When he was asked, by one of the board members, who was creating the disturbance and throwing rocks, he answered that

[8] 71 P.S. §180-7.6(d). The claimant was denied compensation because the Board found that he provoked the crime and that his conduct contributed to the infliction of his own injury.

while he was in the restaurant, there wasn't any disturbance. The claimant testified that he did not have any problems with Mr. Chung (sic) on the night of the shooting and that he was shot in the stomach for no reason. However, he did tell the Board that in the past, he has had several altercations with Mr. Chung (sic) over the quality of the food, but despite this, he continued to buy there.

The claimant testified that on the night in question, he stopped at the restaurant with a friend of his named Brian Scott, because Mr. Scott wanted to talk to a few friends of his inside the restaurant, but that he (claimant) didn't buy anything.

The claimant further testified that, at the criminal trial, Mr. Chung (sic)[9] and his son had identified him as the individual who had created the disturbance in their restaurant on the night of the shooting. Also, during the Board's hearing, the claimant first stated that he didn't know either of the women who testified at the criminal trial and then he testified that he did know one of them.

The Board was able to observe the demeanor of the claimant, and was able to determine the weight to be accorded to the claimant's conflicting testimony. Questions of credibility are for the Board to determine and should not be overturned by this Court. 71 P.S. §180-7.6(f). *See also Dickey v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 58, 466 A.2d 1106 (1983).

The Board did not capriciously disregard competent evidence and their findings were not based solely on uncorroborated hearsay. We must conclude that the Board's order denying the claimant benefits was correct. Accordingly, we shall affirm.

---

[9] *Commonwealth v. Chong Po Wing.*

ORDER

AND NOW, May 4, 1984, the Order of the Crime Victim's Compensation Board, regarding claim No. 81-0074-B, dated January 19, 1983, is hereby affirmed.