509 A.2d 1357

Barbara Ann Gill Ortell, Petitioner *v.* Commonwealth of Pennsylvania, Crime Victim's Compensation Board, Respondent.

424

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Peter B. Foster, Pinskey & Foster,* for petitioner.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, May 23, 1986:

This appeal results from an order of the Crime Victim's Compensation Board (Board), which denied a claim for compensation filed by the claimant, Barbara Ann Gill Ortell (petitioner).

Petitioner alleged in her original claim form that she had been assaulted by a neighbor and had suffered severe physical injuries and financial loss as a result. According to petitioner, the attack occurred after she received a harassing phone call from the neighbor, Albert West (West). In response to the call, petitioner went next door to West's residence to request that he cease

the harassment. At this point, petitioner has alleged, West

> opened the door & struck me in the chest & kicked [my] left thigh with a great force & I lost consciousness momentarily & went backwards on the cement. My head, cervical spine, thoracic spine, chest, heart[,] pelvis & left thigh was [sic] severly [sic] injured.

Petitioner further alleges that as she was struggling to stand up after the blow a police officer, Eugene Golla (Golla) appeared on the scene, but apparently took no action. (N.T., 9/19/84, at 5). Thereafter petitioner was taken to the emergency room, the records of which indicate findings of a sprain to the trapezius and a contusion to the lower back. Petitioner was, in any case, fitted with a cervical collar for two to three days use and was instructed to undergo conservative treatment of her injury.

Following her release, petitioner filed a criminal complaint against West before the Berwick Borough District Justice. After a hearing, the complaint was dismissed, the district justice in his report to the Board explaining that

> [t]he testimony as to the alleged assault was conflicting and accordingly *I ruled that the victim had not made out a prima facie case on the charge of Simple Assault* and that she had not proven the charge or harassment beyond a reasonable doubt and accordingly found the defendant not guilty of the charge of harassment. (Emphasis added.)

Within one year of the alleged assault, petitioner filed her claim[1] with the Board, which petition was de-

---

[1] As required under Section 477.4 of the Code, 77 P.S. §180-7.4(b), which provides that "[a] claim must be filed not later than one year after the occurrence of the crime upon which the claim is based. . . ." *Id.*

nied without hearing. That denial was premised on the conclusion that petitioner had failed to show by a preponderance of the evidence that a crime had been committed.[2] After a request for reconsideration, another denial was ordered, premised on precisely the same grounds.[3] Following a second reconsideration request a hearing was held, at which petitioner appeared without counsel and repeated her story. The Board, however, re-affirmed its initial decisions, concluding that "a crime was not committed," and denying compensation.[4] From that denial the petitioner has brought this appeal.

We are mindful that our review of the present controversy is limited to a determination of whether constitutional rights were violated, an error of law was committed, and whether there was a capricious disregard of competent evidence. *Milbourne v. Pennsylvania Crime Victim's Compensation Board,* 82 Pa. Commonwealth Ct. 259, 261, 475 A.2d 899, 900 (1984).[5] We must de-

---

[2] The denial was issued after an investigation which involved the securing of reports concerning the incident from the district justice and the "investigator" of the crime, who turned out to be Officer Golla. Petitioner also submitted numerous medical bills with her claim. The Board's summary denial was included in a letter which reads, in pertinent part, as follows:

> According to the Berwick Borough police 'there was no act of violence to said Barbara Gill [petitioner] by Mr. West.' According to District Justice Piazza Ms. Gill provoked a confrontation by going to Mr. West's place of business and refusing to leave when requested to do so. As a result . . . she filed a simple assault charge which was dismissed. . . . Therefore, the Board had no choice but to deny your claim accordingly.

*Miller Letter* of 9/8/83.

[3] *Miller Letter* of 1/31/84.

[4] *In re: Claim of Barbara Ann Gill Ortell,* No. 82-1219-B (11/7/84).

[5] The burden of demonstrating eligibility for compensation rests with the claimant. *Milbourne,* 82 Pa. Commonwealth Ct. at 251 n. 4, 475 A.2d at 900 n. 4.

termine whether the Board fulfilled its statutorily-mandated duties to determine the validity of claims. Those duties are provided for in Section 477.6 of the Administrative Code (Code), 71 P.S. §180-7.6, which provides, in pertinent part, as follows:

> (b) The board member to whom [a] claim is assigned shall examine the papers filed in support of the claim and shall thereupon cause an investigation to be conducted into the validity of the claim. The investigation shall include, but not be limited to, an examination of police, court, and official records and reports. concerning the crime and an examination of medical and hospital reports relating to the injury upon which the claim is based.
>
> . . . .
>
> (d) The board member to whom a claim is assigned may make his recommendation regarding the claim on the basis of the papers filed in support thereof and the report of the investigation of the claim. If the board member is unable to decide his recommendation upon the basis of the said papers and report, he shall order a hearing. At the hearing any relevant evidence . . . shall be admissible.

*Id.*

On two prior occasions we have had occasion to interpret these provisions. In *Lauer v. Pennsylvania Crime Victim's Compensation Board*, 76 Pa. Commonwealth Ct. 368, 463 A.2d 1272 (1983), we held that the statutory mandate of an "investigation" was not met by the Board's mere "cursory review of the papers Claimant filed and [of] her claim form." *Id*. at 372, 463 A.2d at 1274. In *Milbourne*, it was held that while hearsay evidence may be admitted in the course of the compen-

sation hearing,[6] a decision of the Board could *not* be supported solely on the basis of such evidence. 82 Pa. Commonwealth Ct. at 264, 475 A.2d at 901.

Although the Board in the present case did not issue formal findings of fact and conclusions of law, the basis of its order that compensation be denied is suggested in its apparent disbelief of claimant's story that an assault with attendant injuries actually occurred. The Board in its "Discussion" first recounted in a neutral tone the petitioner's testimony regarding the assault and her recurrent allegation that the dismissal of the charges against West was "as a result of a . . . conspiracy among persons of Italian descent." Thereafter, the Board pointed out a minor inconsistency between petitioner's account of the incident as given to the Board and as conveyed to emergency room personnel. Finally, the Board observed that the claimant had in her original claim maintained that her financial loss was "$100,000 actual cash payment out of pocket," an averment that Board found "not supported by record papers contained in the file." The inartful conclusion drawn from all this was that "[t]he preponderance of the information in the record papers raises a question of credibility. The board should find [that] the *preponderance of credibility lies on the side of the criminal justice system,* reaffirm that a crime was not committed, and deny compensation accordingly."

The conclusion that a crime has not been committed is, of course, the pivotal grounds for denial of a claim. Section 477.9 of the Code, 77 P.S. §180-7.9(a)(1). We do not believe, however, that the Board's "Discussion", in its present form, reflects an investigation under the statute sufficient to support such a conclusion.

We note preliminarily that the Board is the judge of credibility and possesses the discretion to determine,

---

[6] *Cf.* Section 477.6 of the Code, 77 P.S. §180-7.6(d).

based upon the competent evidence obtained by or submitted to it, the issue of whether a crime was in fact committed. *Cf. Milbourne,* 82 Pa. Commonwealth Ct. at 265, 475 A.2d at 902. We thus do not question the ability of the Board to deny a claim such as that submitted in the present case, which is admittedly attended by patently suspect allegations. We are, however, precluded from fully undertaking such a deferential course in this case.

The Board's conclusion that "the preponderance of credibility lies on the side of the criminal justice system" suggests that it was *not* the petitioner's lack of credibility which influenced the decision, but that it was instead the "system's" dismissal of the charge against the alleged assailant which prompted the denial of compensation. That dismissal, of course, cannot by itself form the basis for the denial of a claim.[7] This is especially so in the present case, in which the record strongly suggests that the dismissal was motivated by the finding that the claimant had provoked the alleged assault by refusing to leave the assailant's premises upon his re-

---

[7] Section 477.6(c) of the Code, 77 P.S. §180-7.6(c) provides that

> [c]laims *shall* be investigated and determined, regardless of whether the alleged criminal has been apprehended or prosecuted for or convicted of any crime based upon the same incident, or has been acquitted, or found not guilty of the crime in question owing to criminal responsibility or other legal exemption or defense.

*Id.* (Emphasis added.) In recognition of the foregoing statute we have no reluctance to observe that the two *initial* denials of the claim were the products of an overtly inadequate investigation. *See* note 2. Although subsection (d) of the statute allows a recommendation concerning a claim to be made "on the basis of the papers filed in support thereof and [on the basis of] the report of the investigation of the claim," *id.,* subsection (c) clearly indicates that such investigation *must* transcend the mere finding of a criminal court dismissal of charges arising from the same incident.

quest. *See District Justice Report.*[8] Because such "provocation" would not, as petitioner points out, justify the use of force[9] under the facts of the present controversy, Board reliance on the dismissal would be especially infirm.

While we therefore hold that the Board's obligatory "investigation," is not satisfied by the ascertainment of a district justice's dismissal of criminal charges, we are unable in the present case to apprehend whether this was in fact the pivotal grounds for the denial of compensation. We thus remand for adequate findings and conclusions articulating the specific grounds for the denial.

In so ordering, we are cognizant that aspects of the petitioner's claim, commented upon by the Board, are naturally such as would engender an inference that the Board did not believe the petitioner. Still, the noted inconsistency of the petitioner's accounts of the incident constitutes what might be considered a marginal deviation and the remarked-upon allegation of financial loss has no bearing on the pivotal, threshold issue of whether the crime of assault had been committed. Petitioner's story may well have been incredible, but relevant, supported findings to that effect must be articulated in order for this Court to undertake a proper appellate

---

[8] The district justice, in response to the interrogative, "Did the victim provoke the crime or did the conduct of the victim contribute to the infliction of [her] injury," responded affirmatively and explained that "[t]he testimony indicated that the victim went to [the] business place of her landlord [West] to confront him relative to a phone call and would not leave [the] premises on request." *Id.*

[9] Accepting as accurate the district justice's explanation for the incident, *see* note 8, we note that under the Crimes Code, 18 P.S. §§101-9183, such force as that allegedly employed by West would have been unjustified and would have therefore embraced a simple assault. *See id.* Section 507(a) (enumerating cases in which force justifiable in course of protecting property); Section 2701(a) (definition of simple assault).

review.[10] *See Royal Pizza House, Inc. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 82, 84, 396 A.2d 884, 885 (1979).

In summary, we remand to the Board for findings of fact and conclusions of law reflecting the product of an investigation as mandated by statute, and otherwise consistent with this opinion. Those findings and conclusions should reflect a resolution of whether a crime was committed based not only upon relevant evidence concerning claimant's credibility, but upon a determination of the correctness of and circumstances surrounding the dismissal of the assault charge against West.

Vacated and remanded.

### ORDER

NOW, May 23, 1986, the order of the Crime Victim's Compensation Board at 82-1219-B, dated November 7, 1984, is hereby vacated and remanded.

Jurisdiction relinquished.

---

[10] In remanding we do not mean to overly exalt what may in fact be a frivolous claim. There are plentiful hearsay statements in the record suggesting that petitioner is a perennial proponent of various unmerited claims of harassment and assault. And, indeed, in her pro se petition for review to this Court petitioner has alleged that due to the "malpractice" of the Board she has been harassed and has thereby suffered damages due to resultant "[C]ranial bleeding[,] etc." Nevertheless, the statutory mandate directing an effective investigation must be met in all cases, with relevant, reviewable findings made as a product thereof.