**Robert KIEHL, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 1, 1999.

Decided Dec. 1, 1999.

Publication Ordered March 9, 2000.

J. Palmer Lockard, Harrisburg, for petitioner.

Clifford Blaze and Paul R. Jordan, Harrisburg, for respondent.

## OPINION PER CURIAM.

Robert Kiehl (Claimant) petitions for review from the April 22, 1999 order of the Unemployment Compensation Board of Review (Board) that denied him unemployment compensation benefits under Section 3 of the Unemployment Compensation Law (Law).[1]  We affirm.

Claimant was employed by the United States Postal Service (Employer) as a full-time clerk at a final rate of pay of $18.01 per hour. (Finding of Fact "F.F." 1).  On March 9, 1998, Employer received a telephone call from the New Cumberland Police Department.  The Police Department informed Employer of an allegation that on March 8, 1998, Claimant had fired a pellet gun at a co-worker's vehicle. (F.F. 2, 3).  The incident did not occur while Claimant was on duty or on Employer's premises. (F.F. 3).

Criminal charges of harassment,[2] criminal mischief,[3] and propulsion of missiles onto a roadway[4] were lodged against Claimant. (F.F. 4).  As a result of the charges, Employer placed Claimant on non-duty, non-pay status pending resolution of the March 8, 1998 incident because it believed that Claimant was a threat to himself and his co-workers. (F.F. 5).

Thereafter, Claimant filed for unemployment compensation benefits.  The Office of Employment Security found Claimant ineligible for benefits under Section 3 of the Law, 43 P.S. § 752.  Claimant appealed to the referee.

At the time of the referee's hearing, Claimant did not admit to the allegations nor had a hearing on the criminal charges

1.  Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 752. Section 3 provides, in relevant part, that

> [s]ecurity against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own.  The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency.  The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

2.  Section 2709 of the Crimes Code, *as amended*, 18 Pa.C.S. § 2709.

3.  Section 3304 of the Crimes Code, *as amended*, 18 Pa.C.S. § 3304.

4.  Section 2707(b) of the Crimes Code, *as amended*, 18 Pa.C.S. § 2707(b).

occurred. Employer presented the testimony of several of its employees who testified to their knowledge of the circumstances surrounding Claimant's non-duty, non-pay status. Claimant's representative[5] objected to the testimony on the basis of hearsay, and the referee properly sustained the objections. Thus, the referee concluded that Employer failed to meet its burden of establishing that Claimant's conduct leading to his arrest was inconsistent with acceptable standards of behavior and that it directly reflected upon his ability to perform his assigned duties. Accordingly, on April 29, 1998, the referee issued a decision awarding Claimant benefits.

Employer appealed to the Board. By order dated June 3, 1998, the Board remanded the matter back to the referee for the sole purpose of the introduction of evidence concerning the disposition of Claimant's pending criminal charges.

The certified record indicates that Employer sought continuances of the remand hearing because the Court of Common Pleas of Cumberland County (trial court) rescheduled Claimant's criminal arraignment and pre-trial hearing several times. On December 1, 1998, the trial court found Claimant guilty of criminal mischief and propulsion of a missile onto a roadway.

Thereafter, on January 11, 1999, the remand hearing occurred. At that time, Employer introduced a copy of the trial court's sentencing order; however, Claimant's counsel[6] objected to the introduction of the order on the ground that it was not properly certified pursuant to Section 6103 of the Judicial Code, 42 Pa.C.S. § 6103 (proof of official records).

As a result of counsel's objection, the Board remanded the matter once again to the referee, this time for the sole purpose of obtaining a certified copy of the trial court's sentencing order. After receiving the certified copy of the trial court's order,

the Board determined that Employer sustained its burden of proof and that, therefore, Claimant was ineligible for benefits under Section 3 of the Law, 43 P.S. § 752.

■ On appeal, Claimant raises one issue for our review: whether the Board denied him due process of law and violated its own regulations by failing to render a decision on Claimant's appeal for a period in excess of one year. We are limited to determining whether constitutional rights were violated, an error of law was committed or whether the necessary findings of fact are supported by substantial competent evidence. *Jennings v. Unemployment Compensation Board of Review,* 675 A.2d 810, 812 n. 2 (Pa.Cmwlth.1996).

Where, as here, the claimant was discharged for off-duty criminal misconduct unrelated to his or her work, the eligibility for benefits must be analyzed under Section 3 of the Law. *Gillins v. Unemployment Compensation Board of Review,* 534 Pa. 590, 633 A.2d 1150 (1993); *Robinson v. Unemployment Compensation Board of Review,* 119 Pa. Cmwlth. 133, 546 A.2d 750 (1988). To establish the claimant's ineligibility for benefits under Section 3, the employer must establish that the claimant's conduct leading to the criminal arrest (1) is inconsistent with acceptable standards of behavior, and (2) directly reflects upon his or her ability to perform the assigned duties. *Unemployment Compensation Board of Review v. Derk,* 24 Pa.Cmwlth. 54, 353 A.2d 915 (1976).

*Martin v. Unemployment Compensation Board of Review,* 713 A.2d 753, 754 (Pa. Cmwlth.1998).

Claimant does not maintain that the Board committed an error of law or that its order is not supported by substantial evidence of record. Rather, Claimant argues that the Board's grant of continu-

5. A "certified legal intern" with the Harrisburg Civil Law Clinic represented Claimant at the referee hearing.

6. A licensed attorney represented Claimant at the remand hearing.

ances and two remands was improper and was prejudicial to him. We disagree.

■ There are two essential elements of due process in administrative proceedings: notice and opportunity to be heard. *Jennings*. Our review of the record in the present case reveals that Claimant received both adequate notice and the opportunity to be heard.

■ Under the Law, the Board has the discretion to determine whether a remand is appropriate. Section 504 of the Law, 43 P.S. § 824; *Fisher v. Unemployment Compensation Board of Review*, 696 A.2d 895 (Pa.Cmwlth.1997). Therefore, we will not reverse a decision granting a remand absent an abuse of discretion. *Fisher*. Furthermore, the Board may direct the taking of additional testimony, if in the opinion of the Board, the previously established record is not sufficiently complete and adequate to enable it to render an appropriate decision. *Cooper Indus. v. Unemployment Compensation Board of Review*, 124 Pa.Cmwlth. 241, 555 A.2d 969 (1989); 34 Pa.Code § 101.104(c).

■ Presently, the record clearly establishes that Claimant, on the advice of his representative, declined to answer questions related to the pending criminal charges. Since the Board has an affirmative duty to ascertain all relevant information in order to determine a claim properly, we conclude that the Board did not abuse its discretion in remanding the matter for evidence relating to the disposition of Claimant's pending criminal charges. *See generally Perminter v. Unemployment Compensation Board of Review*, 57 Pa.Cmwlth. 426, 426 A.2d 245 (1981) (the Board has a duty to protect the unemployment compensation fund from ineligible

claimants and to investigate all the facts in a given case).

■ The continuances that Claimant now complains of were the result of the delay in disposition of his criminal charges. The first referee hearing occurred on April 27, 1998, and the Board's first remand order was dated June 6, 1998. Claimant's arraignment on the criminal charges was initially scheduled for July 17, 1998, but since the arraignment was continually postponed, Claimant was not adjudicated guilty of those charges until December of 1998. The delay in prosecution of the criminal charges necessitated postponement of the remand hearing since the referee was limited to receiving evidence relating to the disposition of Claimant's pending criminal charges. *See generally Glabern Corp. v. Workmen's Compensation Appeal Board (Moccia)*, 84 Pa. Cmwlth. 381, 479 A.2d 77 (1984) (a referee should restrict remand proceedings to the purpose indicated by the Board's order; to allow the referee to do otherwise would result in unnecessary confusion). Until disposition of the criminal charges, Employer could not offer any evidence pursuant to the Board's remand order.[7]

The remand hearing was then held on January 11, 1999, at which time Employer offered into evidence a copy of the trial court's sentencing order as evidence of the disposition of the criminal charges. Claimant's counsel objected to the *copy* of the order, as it was not certified. There was no objection to the order's authenticity or its contents. Since Claimant did not challenge the order's authenticity or contents, the second remand hearing, and thus a one-month delay,[8] could have been easily avoided by merely stipulating to the trial court's sentencing order.

---

7. Although the record does not indicate the reasons Claimant's arraignment was repeatedly postponed, we can state with certainty that Employer did not contribute to the delay in prosecution of Claimant's criminal charges as Employer was not the victim.

8. On February 16, 1999, the Board ordered the second remand hearing in order to obtain a certified copy of the trial court's sentencing order. Employer complied with that order on March 19, 1999.

The Board's delay in determining the merits of Employer's appeal was due, in large part, to the delay in the disposition of Claimant's pending criminal charges. Neither the Board nor Employer had any control over the prosecution of those charges. Accordingly, we conclude that the Board did not violate Claimant's due process rights.

## ORDER

AND NOW, this 1st day of December, 1999, it is hereby ordered that the April 22, 1999 order of the Unemployment Compensation Board of Review is affirmed.

Judge SMITH concurs in the result only.