# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bart Hawthorne,             :
                                   : No. 983 C.D. 2015
               Petitioner     : Submitted: October 23, 2015
                                   :
           v.                      :
                                   :
Unemployment Compensation    :
Board of Review,                :
                                   :
              Respondent    :

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN            FILED: December 10, 2015

Bart Hawthorne (Claimant) petitions for review, *pro se*, of the April 29, 2015, order of the Unemployment Compensation Board of Review (UCBR) affirming the decision of a referee to deny Claimant unemployment compensation (UC) benefits.[1] The UCBR concluded that Claimant was ineligible for UC benefits under section 402(e.1) of the Unemployment Compensation Law (Law)[2] because he was discharged from work for failing to pass a drug test. We affirm.

---

[1] Although Claimant's initial appeal to the referee was untimely filed, the UCBR concluded that Claimant had good cause for his untimely appeal and granted him *nunc pro tunc* relief. This determination has not been challenged on appeal to this court.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e.1). Section 402(e.1) of the Law provides that an employee is ineligible for UC benefits for any week "[i]n which his unemployment is due to discharge . . . from work due to failure to submit **(Footnote continued on next page…)**

Claimant worked for Standard Forged Products (Employer) as a heat treat operator from January 14, 2013, through December 18, 2013. (UCBR's Findings of Fact, No. 1.) Employer's disciplinary policy provides that a major infraction of Employer's work rules can result in an employee's immediate discharge. (*Id.*, No. 2.) One enumerated example of a major infraction is when an employee tests positive for an illegal substance in violation of Employer's Alcohol, Drug and Unauthorized Substances Policy (drug policy). (*Id.*, No. 3.) Employer's drug policy permits random drug testing. (*Id.*, No. 4.) Employer has an employee assistance program to help employees with substance abuse problems. However, pursuant to the drug policy, if an employee tests positive for an illegal substance, his or her subsequent request for participation in the assistance program will have no effect on Employer's disciplinary action. (*Id.*, No. 5.)

On December 18, 2013, Claimant underwent a random drug test at work and tested positive for cocaine. (*Id.*, Nos. 6-7.) Claimant admitted to Employer that he had used cocaine. (*Id.*, No. 8.) Claimant was immediately discharged pursuant to Employer's disciplinary and drug policies. (*Id.*, No. 9.)

Claimant filed a claim for UC benefits, which the Department of Labor and Industry (Department) denied on February 3, 2014. Claimant filed a late appeal to the referee. The referee held a hearing on April 2, 2014, limited to the issue of

**(continued…)**

and/or pass a drug test conducted pursuant to an employer's established substance abuse policy." 43 P.S. §802(e.1).

timeliness. The referee concluded that Claimant's appeal was untimely and, therefore, dismissed the appeal.

Claimant timely appealed to the UCBR. After determining that Claimant may have been entitled to *nunc pro tunc* relief, the UCBR remanded the matter to the referee to act as a hearing officer for the UCBR on the merits of Claimant's claim for UC benefits. The referee held the remand hearing on August 22, 2014. Employer did not appear at the hearing, and Claimant declined to offer any testimony. Thereafter, the UCBR remanded the matter to the referee a second time with the following instructions:

> The purpose of this hearing is to have the Referee place into the record, subject to party objections, service center exhibits Nos. 1 through 30-A. These exhibits have not been placed in the record.
>
> The Referee should try to limit the introduction of repetitious or irrelevant matters. Answers to the following question***, in addition to the above information,*** would be helpful:
>
> Throughout the claimant's Internet Initial Claims form (Exhibit No.2) as well as in his appeal document (Exhibit No. 30-A), the claimant appears to admit to testing positive for cocaine. Did the claimant test positive for cocaine?

(UCBR's Remand Memo, 12/1/14; *see* UCBR's Order, 1/7/15.)

The referee held the second remand hearing on February 10, 2015. Claimant and one Employer witness appeared at the hearing. Thereafter, on April 29, 2015, the UCBR granted Claimant *nunc pro tunc* relief and determined that Claimant

3

was ineligible for benefits under section 402(e.1) of the Law.  Claimant now petitions for review of that decision.[3]

In his petition for review, Claimant asserts that the UCBR erred in affirming the denial of UC benefits because the evidence established that he was wrongfully discharged.  Specifically, Claimant contends that his discharge was improper because one month before he was drug-tested, Claimant told his supervisor that he was depressed and needed help, but Employer did not offer him any help.

To establish a claimant's ineligibility for UC benefits under section 402(e.1) of the Law, an employer must "demonstrate (1) that it had an established substance abuse policy and (2) that the claimant violated the policy."  *Greer v. Unemployment Compensation Board of Review*, 4 A.3d 733, 736 (Pa. Cmwlth. 2010).  If the employer satisfies its burden, the "claimant will be rendered ineligible for benefits unless the claimant is able to demonstrate that the employer's substance abuse policy is in violation of the law or a [collective bargaining agreement]."  *Id.*

Here, the evidence credited by the UCBR established that:  (1) Employer has a drug policy whereby an employee can be discharged for testing positive for an illegal substance; (2) Claimant tested positive for cocaine following a random drug test; (3) Claimant admitted that he had used cocaine; and (4) Employer discharged Claimant pursuant to its drug and disciplinary policies.  (UCBR's Findings of Fact, Nos. 2, 3, 7-9.)  Thus, Employer met its burden under section 402(e.1) of the Law.

---

[3] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

The burden of proof then shifted to Claimant. *Greer*, 4 A.3d at 736. However, Claimant did not even argue, let alone prove, that Employer's drug policy is illegal or violates a collective bargaining agreement. Claimant contends that his failure to pass the drug test cannot be a basis for discharge because he had previously asked Employer for help with depression and Employer failed to help him. Even if Claimant's testimony were believed, the record shows that Claimant's supervisor told him that Employer had an assistance program for employees with substance abuse problems. (N.T., 2/10/15, at 7-8; R. Item No. 5, Ex. B-1.) However, there is no evidence that Claimant ever asked to participate in the substance abuse program, even though he admitted that he had used narcotics to "self[-]medicate." (N.T., 2/10/15, at 8; R. Item No. 5, Ex. B-1.)[4] In any event, Employer's drug policy provides that if an employee tests positive for an illegal substance, his subsequent participation in the assistance program will have no effect on Employer's disciplinary action. (UCBR's Findings of Fact, No. 5.) Therefore, the UCBR correctly determined that Claimant is ineligible for UC benefits under section 402(e.1) of the Law.

Next, Claimant asserts that the UCBR lacked the authority to remand this matter for additional hearings and the referee erred in allowing Employer's witness to testify at the February 10, 2015, remand hearing.[5] We disagree.

---

[4] Employer's drug policy provides that an employee's request to participate in the assistance program *before* a drug test cannot *itself* be a basis for discipline. (R. Item No. 3, Ex. 11.) The policy does not provide, as Claimant appears to suggest, that an employee who fails a drug test cannot be disciplined if he or she has participated in the assistance program. On the contrary, Employer's drug and disciplinary policies state that an employee who fails a drug test at work can be immediately discharged from employment. (UCBR's Findings of Fact, Nos. 2-3.)

[5] Although Claimant did not raise these issues in his petition for review, he raised them in his statement of questions involved and argued them in his brief. Because we are able to address **(Footnote continued on next page…)**

The UCBR has the discretion to determine whether a remand is appropriate and, absent an abuse of that discretion, we will not reverse the UCBR's decision to remand. *See Kiehl v. Unemployment Compensation Board of Review*, 747 A.2d 954, 957 (Pa. Cmwlth. 1999) (*per curiam*). "[I]f the [UCBR] deems the record before it to be inadequate for proper resolution of the issues presented, it has the power to remand a case to the referee for the purpose of receiving additional evidence." *Cooper Industries, Inc. v. Unemployment Compensation Board of Review*, 555 A.2d 969, 971 (Pa. Cmwlth. 1989).

Here, the UCBR initially remanded the matter because the referee did not consider the merits of the appeal at the first hearing; the only issue addressed was the timeliness of Claimant's appeal from the Department's February 3, 2014, decision. After determining that Claimant may have been entitled to *nunc pro tunc* relief, the UCBR remanded the matter so that the referee could receive evidence on the merits under section 402(e.1) of the Law. We find no abuse of discretion.

Claimant also challenges the UCBR's second remand to the referee. After the first remand hearing, the UCBR discovered that the referee failed to admit into evidence 27 Department exhibits, including Claimant's internet initial claims form and various documents that Employer sent to the Department in connection with Claimant's claim. Because the Department reviewed and relied on these documents

---

**(continued…)**

these claims based on the certified record, we will not find waiver. *See* Pa. R.A.P. 1513(d)(5); Official Note to Pa. R.A.P. 1513 (2014).

6

in denying Claimant's claim for UC benefits, we conclude that the UCBR acted well within its discretion in remanding the matter to the referee to admit the missing exhibits.

Finally, Claimant asserts that the referee erroneously permitted Employer's witness, Jeffrey Coombs, to testify at the February 10, 2015, remand hearing. However, Claimant did not object to Coombs' testimony before the referee. Therefore, this claim is waived. *See Phoebus v. Unemployment Compensation Board of Review*, 573 A.2d 649, 651 (Pa. Cmwlth. 1990) (stating that a claimant's failure to raise an objection before the referee constitutes waiver of the issue on appeal).

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bart Hawthorne,                                         :
                                                        : No. 983 C.D. 2015
                              Petitioner                :
                                                        :
              v.                                        :
                                                        :
Unemployment Compensation                               :
Board of Review,                                        :
                                                        :
                              Respondent                :

# O R D E R

AND NOW, this 10th day of December, 2015, we hereby affirm the April 29, 2015, order of the Unemployment Compensation Board of Review.

_____
ROCHELLE S. FRIEDMAN, Senior Judge